**Michael C. ANTONELLI,
Plaintiff-Appellant,**

v.

**Thomas P. SULLIVAN, et al.,
Defendants-Appellees.**

No. 82–1823.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 26, 1983.

Decided Nov. 1, 1983.*

Opinion April 23, 1984.

---

* This appeal was originally decided by unreported order on November 1, 1983, 723 F.2d 913.

*See* Circuit Rule 35. The panel has subsequently decided to issue the decision as an opinion.

Michael C. Antonelli, pro se.

Dan K. Webb, U.S. Atty., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, and WOOD and POSNER, Circuit Judges.

PER CURIAM.

Pro-se plaintiff-appellant Michael Antonelli was convicted of bank fraud in 1978. In July of 1980 he filed a Freedom of Information Act (FOIA) request with the United States Attorney for the Northern District of Illinois, defendant Sullivan, seeking:

a copy of all documents, knowledge, court exhibits, 3500 material whatever form it may be or have been in, which includes statements of any and all witnesses interviewed, criminal records of any witnesses used, that your department has or had in their possession in connection with criminal case # 78 CR 114 which resulted in the conviction of

my person on September 15, 1978 before the Honorable Frank J. McGarr, Northern District of Illinois, Eastern Division.

Antonelli ultimately obtained some 1750 pages of material, but defendants withheld two documents, claiming that they were exempt from disclosure under the FOIA. Plaintiff thereupon filed this lawsuit in hopes of securing the release of the two items. Shortly thereafter he filed a motion to compel filing of a *Vaughn* index [1] simultaneous with the filing of defendants' answer. That motion was denied, but was also treated as a request for a *Vaughn* index with no time specified, and the motion so construed was taken under advisement. The court never formally ruled on this motion.

Defendants moved for summary judgment, attaching affidavits which described one document as the internal United States Attorney's Office prosecution memorandum, and the other as a handwritten list of the trial witnesses with their home and business telephone numbers. The former was claimed to be exempt under 5 U.S.C. § 552(b)(5) and the latter under 5 U.S.C. § 552(b)(7)(C). The district court granted the motion for summary judgment, and this appeal ensued. The questions raised on appeal are 1) whether the district court erred in determining that the two documents were exempt, and 2) whether the court properly ruled on the summary judgment motion without explicitly ruling on the motion to compel production of a *Vaughn* index.

Section (b)(5) of § 552 exempts from disclosure "... intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." That is certainly an apt description of a prosecution memorandum. Section (b)(7) protects investigatory records "to the extent that the

1. In *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), plaintiff sought disclosure of a series of Civil Service Commission reports. The government responded with a conclusory affidavit stating that all documents were exempt under several FOIA provisions. Reversing summary judgment for the government, the D.C. Circuit held that the agency resisting disclosure must provide sufficient information—e.g., by itemizing and indexing the documents at issue—to enable the party seeking disclosure to frame his request with precision, and the court to make an informed (and reviewable) ruling on the claim of privilege.

production of such records would ... (C) constitute an unwarranted invasion of personal privacy ....'' Mr. Antonelli has mentioned no legitimate need for the witnesses' phone numbers, and we can well imagine the invasions of privacy that would result should he obtain them. In short, there was no abuse of discretion in the district court's conclusion that the two documents were properly withheld.

We also find no merit in Mr. Antonelli's contention that the district court improperly failed to rule on the *Vaughn* index question. A *Vaughn* index is used as a means to summarize claims of privilege concerning a large bulk of documents; it is a compromise between item-by-item description and a blanket assertion of privilege. When it became obvious to the court that the controversy concerned only two documents, both described in detail sufficient to enable the court to rule on the claimed exemptions, any need for a *Vaughn* index evaporated. No separate entry on the motion was required given that the decision granting summary judgment determined all issues on the merits.

AFFIRMED.