638 F.Supp. 571 (1986)
Paul K. VOELKER, Plaintiff,
v.
FEDERAL BUREAU OF INVESTIGATION, Defendant.
No. 79-7 C (D).
United States District Court, E.D. Missouri, E.D.
May 27, 1986.
Paul K. Voelker, pro se.
*572 Joseph B. Moore, Asst. U.S. Atty., S.A. Vermeersch, F.B.I., St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
WANGELIN, District Judge.
This matter is before the Court upon the parties' cross-motions for summary judgment.

FACTUAL BACKGROUND
Plaintiff brought this action under subsection (g)(1)(B) of the Privacy Act of 1974, 5 U.S.C. § 552a(g)(1)(B), that the Court might enjoin the defendant from withholding portions of plaintiff's personnel file, compiled and maintained by defendant, and order their production to the plaintiff. There are only three pages of material remaining in issue, pages 4 and 5 of a Detroit report dated October 31, 1973 and page 5 of a Detroit report dated November 7, 1973. Those pages are being withheld in their entirety except for the first paragraph of page 4; the balance of the file has been released either unredacted or with redactions, mostly minor, which are not in issue.
Plaintiff seeks access to the withheld portions under 5 U.S.C. § 552a(d)(1) which provides, in pertinent part:
Each agency that maintains a system of records shall ... upon request by any individual to gain access to his record ... permit him ... to review the record and have a copy made of all or any portion thereof ...
Defendant contends that withheld portions are exempt from access by plaintiff under 5 U.S.C. § 552a(k)(5) which provides, in pertinent part, that an agency may withhold certain records:
but only to the extent that the disclosure ... would reveal the identity of a source who furnished information to the Government under an express ... or ... implied promise that the identity of the source would be held in confidence;
Section 522a(g)(3)(A) provides that this Court shall determine this matter de novo, and may examine the contents of any agency records in camera to determine whether any portions may be withheld under the claimed exemption. 5 U.S.C. § 552a(g)(3)(A).
On May 6, 1986, this Court ordered an in camera inspection pursuant to 5 U.S.C. § 552a(g)(3)(A). Said inspection is now complete and the Court is prepared to enter a judgment on the merits.

LEGAL CONCLUSIONS
Initially, defendant has the burden to sustain this action. 5 U.S.C. § 552. In order to carry this burden, defendant must show that there was an express or implied promise of confidentiality. Moreover, the defendant must show that the information withheld would itself identify the source of the information. The Court finds that defendant has sustained its burden.
Initially, defendant, by affidavit, asserts that certain types or categories of sources are treated as confidential sources. See, Binney Affidavit p. 5. Without specific detail it is obvious that the source in question falls within the confidential category. Moreover, allowing defendant to maintain such confidentiality is clearly within the public interest.
In interviewing individuals, the Federal Bureau of Investigation (FBI) attempted to determine their opinions as to the plaintiff's character, reputation, loyalty to the United States, associates, and abilities. In order to receive a complete and frank appraisal of plaintiff's background, the persons interviewed must believe that their remarks would not be revealed to the applicant at a later date.
If it became known to the general public that an interviewee's candid comments concerning an individual's character, associates, reputation, loyalty, and abilities were at a later date being revealed to the applicant, such candid statements would terminate and the FBI's ability to conduct thorough applicant background investigations would be thwarted.
*573 The guarantee of confidentiality provided the interviewee protects him from adverse reaction from either the general public or the individual on whom he has opined. Without such guarantee, an interviewee could anticipate reactions including possible loss of business or social standing, ridicule, harassment, and even bodily harm. One could even anticipate possible civil action in slander for an statements made. Without such a guarantee, a person would lack the confidence in the FBI needed for a candid appraisal of the applicant's qualifications and background. This potential lack of confidence in the FBI's ability to protect its sources of information could carry over into the other investigative areas which the FBI pursues such as national security, foreign counter-intelligence, and criminal investigations and thereby also hinder the FBI's ability to carry out its investigative responsibilities. It is therefore deemed essential to maintain the confidentiality of persons interviewed by the FBI.
Further, after reviewing the information in camera, the Court finds that the information is of the type and nature that would not be given candidly without the assurance of confidentiality. Therefore, from the foregoing, the Court concludes that the information sought was given pursuant to at least an implied promise of confidentiality.
Next, the Court considers the question of whether the information itself would identify its source thus necessitating the withholding of the information in its entirety. The Court finds, upon review in camera, that the information is of a nature that would certainly identify the source even if the source's name was redacted. Thus, pursuant to 5 U.S.C. § 552a(k)(5). Defendant was justified in withholding the information.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment be and is GRANTED; and
IT IS FURTHER ORDERED that plaintiff's motion for summary judgment be and is DENIED.