**Alan Jay SAVADA, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE, et al., Defendants.**

**Civ. A. No. 89–2027.**

United States District Court, District of Columbia.

Nov. 14, 1990.

Arthur J. Galligan, Dickstein, Shapiro & Morin, Washington, D.C., for plaintiff.

Mark Nagle, Asst. U.S. Atty., Washington, D.C., for defendants.

### MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

The plaintiff in this case, Alan Jay Savada, was employed as a cartographer by the Defense Mapping Agency, a component of the Department of Defense, from April 1979 until April 1987. This position required that the plaintiff have a very high

level of security clearance known as "SCI" clearance, or clearance for access to Sensitive Compartmental Information. On March 4, 1987, plaintiff was advised by the Defense Intelligence Agency ("DIA") that he no longer had access to SCI materials. DIA came to this decision after the Defense Investigative Service ("DIS") conducted a series of investigations into the personal life of the plaintiff, and concluded he was no longer suitable for SCI clearance.[1]

Plaintiff subsequently sought to investigate the basis for the denial of his SCI clearance. In October of 1987, plaintiff made a formal demand on DIS and DIA, requesting access to his records under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Both agencies provided him with the vast majority, but not all, of the records plaintiff requested.[2] After appealing both of these agency determinations,[3] plaintiff filed this suit on July 17, 1989, against the Department of Defense, DIS, and DIA[4] requesting that the court order the defendants to identify and categorize the withheld documents and requesting that the court grant plaintiff access to the requested documents, where appropriate. Because plaintiff seeks access to information that the government has compiled about him, plaintiff's cause of action arises under two statutes: the Freedom of Information Act ("FOIA") and the Privacy Act. 5 U.S.C. § 552 and 5 U.S.C. § 552a. The government relies on the following statutory exemptions from release to justify its

continued withholding of the documents at issue in this case: 5 U.S.C. § 552(b)(5), (b)(7)(C) and (b)(7)(D) of FOIA and 5 U.S.C. § 552a(k)(5) of the Privacy Act.

The parties agreed in this case to proceed by the filing of an index of documents pursuant to *Vaughn v. Rosen,* 484 F.2d 820, 828 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), and to then have the court decide the case after each party filed summary judgment motions. Each parties' motion for summary judgment has been fully briefed, and the agencies have filed declarations in support of the withholding of documents which are claimed to be exempt from release.

DIS has provided a *Vaughn* index that identifies each relevant document by a document number, and this index is cross-referenced to an affidavit by Dale Hartig, a DIS official, (the "Hartig Declaration") in which Hartig explains his reasons for withholding the documents. According to plaintiff, there are fourteen documents listed in the *Vaughn* index supplied by DIS which are still in contention: 42, 49, 76–81, 89, 95–97, and 99–100. *See Plaintiff's Cross–Statement of Material Facts As To Which There is No Genuine Issue* at 4. However, DIS Document 76 was partially released, and, after plaintiff's motion was filed, DIS released parts of Documents 42 and 49. *See* Defendants' *Opposition to Plaintiff's Cross–Motion for Summary Judgment* at 2. That leaves a total of eleven documents which are still withheld in their entirety by DIS.

---

**1.** Plaintiff resigned from the Defense Mapping Agency on April 9, 1987. Previously, on March 6, 1987, plaintiff made a written request for a statement of reasons for defendants' denial of plaintiff's access to SCI materials. Defendants did not prepare such a document prior to plaintiff's resignation and now claim that further steps in the adjudication of plaintiff's clearance were terminated by his resignation.

**2.** At this time, most of the documents identified by DIS and DIA as responsive to plaintiff's request have been released. Out of 100 documents that DIS identified in answer to plaintiff's request, only eleven documents at this time are being completely withheld by DIS, and three documents are being partially withheld. DIA identified 120 documents in response to plain-

tiff's request, and is now withholding seventeen documents. DIA is also withholding portions of five other documents.

**3.** Although there was some dispute over whether plaintiff had initiated an appeal from DIA's decision denying plaintiff's access to his records within the mandatory time period, DIA considered the appeal, and its reasons for denial are submitted with the Defendants' *Opposition to Plaintiff's Cross–Motion for Summary Judgment.*

**4.** Plaintiff also names as defendants one individual at each agency who the plaintiff claims had the final authority for the decision made regarding his documents.

DIA did not submit a *Vaughn* index to justify its withholding, but has instead provided a Declaration of Lt. Col. Carl Meyer (the "Meyer Declaration") which lists each withheld document in a paragraph section, briefly describes the document, and then lists the reasons this document should be exempt from release. This declaration is attached to Defendants' *Opposition to Plaintiff's Cross–Motion for Summary Judgment.* Out of twenty-one withheld documents, two of the documents discussed in this declaration were released (Documents 4(d) and (e)) and two were found not to pertain to plaintiff (Documents 4(a) and (b)). Therefore, there are seventeen documents that are currently withheld by DIA.

Despite these submissions on behalf of the defendants, we are unable on the basis of this record to determine the validity of defendants' claimed exemptions. Fortunately, we apparently are only concerned with twenty-eight documents which remain in contention.

 As to these documents, the Court requires a supplementation of the materials already supplied. The court is required to conduct a *de novo* review of an agency's action in FOIA and Privacy Act cases. 5 U.S.C. § 552(a)(4)(B) (FOIA); 5 U.S.C. § 552a(g)(3)(A) (Privacy Act). The declarations submitted in this case lack supporting details which would allow the Court to properly review the government's claimed exemptions. *See Senate of Puerto Rico v. United States Dept. of Justice,* 823 F.2d 574, 585 (D.C.Cir.1987); *Coastal States Gas Corp. v. Dept. of Energy,* 617 F.2d 854, 861 (D.C.Cir.1980).

For example, Lt. Col. Meyer asserts in his declaration that most of the documents were withheld because they were prepared in contemplation of "pending litigation." Yet the declaration contains no discussion of pending or reasonably anticipated litigation which would exempt the documents from release under the work-product doctrine. Also, the contents of the documents must be more thoroughly described so that the court can ensure that the documents are indeed work-product. *Cf. Nishnic v.*

*U.S. Dept. of Justice,* 671 F.Supp. 776, 784 (D.D.C.1987) (level of detail in *Vaughn* index sufficient for court to uphold disclosure under work-product). The declarations which describe documents allegedly exempt under the deliberative process privilege are similarly lacking in supporting details, and the court therefore can not rule on the propriety of the claimed exemptions for these documents. We therefore order the government to submit additional materials justifying the claimed exemptions for the withheld documents in this case.

An order consistent with the foregoing has been entered this day.

## ORDER

Upon consideration of each party's motion for summary judgment, the oppositions thereto, and the entire record herein, and for the reasons stated in an accompanying Memorandum Opinion entered this day, it is by the Court this 14th day of November, 1990,

ORDERED that both parties' motions for summary judgment are denied *without prejudice;* and it is

ORDERED that defendants are to submit the following additional information to the court to justify their withholding of the remaining documents in this case:

1. If a document is withheld under a claim of work-product privilege, defendants are to state the nature of the litigation that was pending or list concrete facts which would support the reasonableness of a belief that litigation was likely when the document was prepared. Defendants must also describe the content of the document in sufficient detail so the court can ensure the document is work-product material.

2. If a document is withheld under the deliberative-process privilege, defendants must supply a brief summary of the content of the document, and an explanation of the role the document played in the deliberative process. Defendants must also disclose any facts which may appear in a document

claimed to be exempt under this privilege, unless disclosing the facts would reveal the deliberative process. Factual material may also be withheld if it can not be reasonably segregated from the exempt materials. Defendants must further show that a document withheld under the deliberative process privilege is not covered by the Privacy Act. And it is

FURTHER ORDERED that defendants shall submit this information to the court within thirty days of this Order.