**Alan Jay SAVADA, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE, et al., Defendants.**

**Civ. A. No. 89-2027.**

United States District Court, District of Columbia.

Jan. 22, 1991.

---

7. Defendants have, in fact, filed a motion for Rule 11 sanctions against Carter and against plaintiff's present counsel.

Arthur J. Galligan, Dickstein, Shapiro & Morin, Washington, D.C., for plaintiff.

Mark Nagle, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This is the second opinion regarding the cross-motions for summary judgment filed in this Privacy Act and Freedom of Information Act ("FOIA") matter. The facts underlying this dispute are set forth in the Memorandum Opinion issued by this court on November 14, 1990, 751 F.Supp. 240; there is no need to reiterate them in detail. It is enough to say that plaintiff, while employed at the Defense Mapping Agency, was denied a high level of security clearance, known as "SCI" clearance, in March of 1987. He subsequently sought to determine the basis for this denial by making a Privacy Act and FOIA request to the two agencies which were responsible for the investigation and assessment of his suitability for SCI clearance: the Defense Intelligence Agency ("DIA") and the Defense Investigative Service ("DIS").

The majority of documents identified as responsive to plaintiff's request were released by the agencies. The agencies identified 220 documents as responsive to plaintiff's request, and as of November 14, 1990, only twenty-eight documents were being withheld in their entirety. In the November 14, 1990 Order (the "November Order") pertaining to these cross-motions for summary judgment, we required defendants to submit additional information to justify the withholding of these documents, finding the materials supplied as *Vaughn* indices in defendants' first round of filings lacked sufficient supporting details to justify the claimed exemptions from release under FOIA and the Privacy Act.

On December 14, 1990, defendants filed a Supplemental Memorandum in Support of Their Motion for Summary Judgment. Supplied with this information, we are now able to make a final decision in this matter. Most of the documents had been withheld under a claim of work-product privilege, and the additional information lends credence to defendants' belief that litigation may arise from their actions regarding plaintiff's SCI clearance. Specifically, defendants' supplemental information provides evidence that plaintiff's "personal counsel" during the investigation, Dr. Frank Kameny, had repeatedly as early as 1983 threatened the agencies with both adverse publicity and litigation in retaliation for their actions, and that this individual was known by the agencies as someone who frequently litigated these matters.[1] Admittedly Kameny's rhetoric is vituperative and overblown. Despite this fact, we are satisfied that the agencies were faced with "a specific claim supported by concrete facts which would likely lead to litigation," *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 865 (D.C.Cir.1980), and therefore hold the agencies were warranted in withholding documents under the work-product exemptions. *See* 5 U.S.C. § 552(b)(5); 5 U.S.C. § 552a(d)(5). We will

---

1. *See* the Declaration of Dale L. Hartig, dated December 12, 1990 which details DIS' knowledge of Dr. Kameny's threats and his reputation for litigating these matters, and the Supplemental Declaration of Terry E. Bathen, dated December 7, 1990, which details the threats of litigation made by Dr. Kameny to DIA.

now address the specific documents withheld by each agency.

*DIS Documents*

Our November Order applied to eleven documents withheld by DIS. It now appears four of these documents had already been released, and that two additional documents are excused from release. Although plaintiff claimed that Documents 89, 95–97, 99–100 [2] were withheld by DIS, DIS now states these documents were referred to DIA for determination of suitability for release, and that Documents 89 and 95–97 (four documents) were released to the plaintiff with the service copy of Defendants' Motion for Summary Judgment, filed on January 3, 1990. Documents 99 and 100 are memorandum created while processing plaintiff's FOIA request, and therefore need not be disclosed.[3] This accounts for six of the eleven documents.

■ Four of the five remaining documents have now been released in their entirety. DIS has submitted a Supplemental Declaration of Dale L. Hartig, Chief of the Office of Information and Public Affairs at DIS, which states that Documents 77, 78, 80, and 81 have been completely released, and that Document 79 has been released in part. Document 79, described as a memorandum prepared by the DIS general counsel discussing "litigation risks and strategies", was properly withheld under the work product exemption to both the Privacy Act and FOIA. *See* 5 U.S.C. § 552(b)(5); 5 U.S.C. § 552a(d)(5).

■ The only remaining information being withheld by DIS are portions of three other documents: Documents 42, 49, and 76. Portions of Documents 42 and 49 are

being withheld to protect the identities of individuals who gave information with a desire to remain anonymous. Such information is properly exempt from release under FOIA, 5 U.S.C. § 552(b)(7)(D), and the Privacy Act, 5 U.S.C. § 552a(k)(5). Since DIS released cover sheets of these documents which demonstrate that the sources of the information desired confidentiality, there is no need for an *in camera* inspection of these documents.[4]

■ The last document which is being partially withheld is Document 76. The Hartig Declaration dated December 12, 1989 [5] states that Document 76 came from the DoD Component Inquiry File, which is not subject to the Privacy Act. The only information withheld from this document was the name and telephone number of an individual third party. We agree with the defendants that to release this information would constitute an invasion of privacy for that individual, and that therefore portions of this document were properly withheld under FOIA Exemption 7(C). 5 U.S.C. § 552(b)(7)(C); *cf. Antonelli v. Sullivan,* 732 F.2d 560, 562 (7th Cir.1983) (without a legitimate need for witnesses' names and phone numbers, releasing such information to plaintiff in a FOIA suit would constitute an invasion of privacy for those witnesses).

*DIA Documents*

Our November Order required DIA to provide additional information concerning its withholding of seventeen documents. In support of its actions, DIA has submitted a Supplemental Declaration of Terry E. Bathen, the "Bathen Declaration",[6] which provides additional descriptions of these seventeen documents.

---

2. DIS document numbers come from the original *Vaughn* index attached as Exhibit F to the Declaration of Dale L. Hartig, dated December 12, 1989, filed with Defendants' Motion for Summary Judgment on January 3, 1990.

3. *See* Defendants' Supplemental Memorandum in Support of Their Motion for Summary Judgment, filed December 14, 1990 at 2.

4. DIS released this information as attachments to a Supplemental Declaration of Dale L. Hartig, dated May 24, 1990, filed with Defendants' Op-

position to Plaintiff's Cross–Motion for Summary Judgment.

5. Filed with Defendants' Motion for Summary Judgment on January 3, 1990.

6. This declaration was filed with Defendants's Supplemental Memorandum in Support of Their Motion for Summary Judgment. DIA documents are referred to in this opinion by the appropriate paragraph letter in the Bathen Declaration.

We are satisfied with the level of detail provided by the Bathen Declaration. This declaration gives a full description of each document so that the court can properly evaluate a claimed exemption. An example:

A one-page handwritten, undated note from Major Carl F. Meyer, an Assistant General Counsel, DIA to Mr. John Brock, the General Counsel, DIA requesting guidance on the amount of assistance on the *Savada* case. At the bottom of the note, Mr. Brock responds to two specific questions posed by Major meyer and provides general guidance on future support if DIA is made a party to the litigation. This note is attorney work product and is withheld in its entirety.

DIA Index of Withheld Documents, submitted as an attachment to the Bathen Declaration, Description of Document H. Descriptions as detailed as these have allowed us to determine that the following documents are properly withheld by DIA under the work-product exemption to FOIA and the Privacy Act: A, B, C, D, E, F, G, H, I, J, K, Qa, and Qc. *See* 5 U.S.C. § 552(b)(5); 5 U.S.C. § 552a(d)(5).

■ However, documents which are still being withheld by DIA under the deliberative process privilege must be released. This is because although the deliberative process privilege exempts these documents from release under FOIA, the privilege does not exempt the document from release under the Privacy Act. Defendants claim that documents which reflect the deliberative process of an agency fall under Exemption (d)(5) of the Privacy Act, but this exemption only protects from disclosure "any information compiled in reasonable anticipation of a civil action or proceeding." 5 U.S.C. § 552a(d)(5). This exemption clearly covers documents which are privileged under the work-product doctrine, but makes no mention of the deliberative process privilege. *See Martin v. Office of*

*Special Counsel,* 819 F.2d 1181, 1187 (D.C. Cir.1987). ("[e]xemption (d)(5) [of the Privacy Act] in no way incorporates civil discovery law, and therefore in no way incorporates the executive 'deliberative process' privilege").

■ If an individual is entitled to a document under FOIA and the Privacy Act, to withhold this document an agency must prove that the document is exempt from release under *both* statutes. *Martin v. Office of Special Counsel, MSPB,* 819 F.2d at 1184. This is why our November Order directed the defendants to "further show that a document withheld under the deliberative process privilege is not covered by the Privacy Act." If the defendants had demonstrated that the documents claimed to be exempt under the deliberative process privilege were not subject to release under the Privacy Act, or that a valid exemption to the Privacy Act applied, we could have sanctioned the continued withholding of the documents. The documents described in Paragraphs L, M, N, O, P, Q, and Qh of the Bathen Declaration are clearly exempt from release from FOIA as deliberative process documents. But since this privilege applies only to FOIA and not to the Privacy Act, we must order these seven documents released to plaintiff.[7]

Documents Qb and N are claimed to be withheld because they contain information provided by confidential sources. Any information which would reveal the identity of the confidential sources can be redacted under FOIA, 5 U.S.C. § 552(b)(7)(D), and the Privacy Act, 5 U.S.C. § 552a(k)(5), but the balance of these documents must be released.

■ The final matter to be addressed is the five documents which were partially withheld by DIA. One of these documents was released with Defendants' Opposition to Plaintiff's Cross–Motion for Summary

---

7. The Privacy Act itself mandates that an agency can not rely on an exemption to FOIA to withhold documents to which an individual is entitled to under the Privacy Act:

No agency shall rely on any exemption contained in section 552 of this title to withhold

from an individual any record which is otherwise accessible to such individual under the provisions of this section.

5 U.S.C. § 552a(t). *See Wren v. Harris,* 675 F.2d 1144, 1147 (10th Cir.1982).

Judgment filed on May 24, 1990.[8] The only information withheld from the other four documents were the names of the DIA security officials involved in the investigation of the plaintiff. This information was properly withheld under FOIA Exemption (b)(6) and Privacy Act Exemption 552a(b). 5 U.S.C. § 552(b)(6); 5 U.S.C. § 552a(b).

An order consistent with the foregoing has been entered this day.

### ORDER

Upon consideration of each party's motion for summary judgment, the oppositions thereto, the supplemental memorandum, and the entire record herein, and for the reasons stated in an accompanying Memorandum Opinion entered this day, it is by the Court this 22nd day of January, 1991

ORDERED that defendants' motion for summary judgment is granted for all documents except those described in Paragraphs L, M, N, O, P, Q, and Qh of the Supplemental Declaration of Terry E. Bathen, attached to Defendants' Supplemental Memorandum in Support of Their Motion for Summary Judgment, filed on December 14, 1990; and it is

ORDERED that plaintiff's motion for summary judgment is granted as to the aforementioned seven documents, and it is

ORDERED that defendants shall release these seven documents to the plaintiff, in accordance with the accompanying Memorandum Opinion; and it is

FURTHER ORDERED that this case is dismissed with prejudice.

---

**8.** *See* Declaration of Carl F. Meyer, submitted with Defendants' Opposition to Plaintiff's Cross-Motion for Summary Judgment, filed on May 24, 1990, paragraph 5.