**Sean T. HADDON Plaintiff,**

**v.**

**Louis FREEH, Director, Federal Bureau of Investigation Defendant.**

**No. CIV. A. 96–0138(RMU).**

United States District Court, District of Columbia.

Dec. 31, 1998.

**18**

ment and the plaintiff's cross motion for partial summary judgment. Plaintiff brings this action pursuant to the Privacy Act, 5 U.S.C. § 552a *et seq.*, seeking the disclosure of information gathered in an investigation to determine plaintiff's suitability for federal employment. This case involves two issues which the court can resolve on summary judgment: (1) whether the Federal Bureau of Investigation (FBI) properly withheld information requested by the plaintiff under the Privacy Act; and (2) whether the plaintiff can recover damages for any alleged intentional delay by the FBI in the production of information requested by the plaintiff under the Privacy Act. Upon consideration of the submissions of the parties and the relevant law, the court concludes that the defendant is entitled to summary judgment on all claims except the claim for disclosure of the statement of Franette McCulloch. The court will review, *in camera,* an unredacted version of Franette McCulloch's statement to discern whether the redacted version offered by the FBI complies with exemption (k)(5) of the Privacy Act. Moreover, the court concludes that, as a matter of law, the plaintiff is not entitled to recover damages on his claim of alleged intentional delay in the production of documents because the only remedy available for such a claim is injunctive relief.

Marina Utgoff Braswell, Fred E. Haynes, U.S. Attorney's Office, Washington, DC, Wilma Antoinette Lewis, U.S. Attorney's Office, for Louis Freeh, Director, Federal Bureau of Investigation, federal defendant.

Rodney Ray Sweetland, III, Arlington, VA, Christopher Alexander Sterbenz, Vienna, VA, for Sean T. Haddon, plaintiff.

### MEMORANDUM OPINION

### GRANTING, IN PART, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING ALL OTHER PENDING MOTIONS

URBINA, District Judge.

### I. INTRODUCTION

This matter comes before the court upon the defendant's motion for summary judg-

### II. BACKGROUND

Plaintiff Sean T. Haddon is a former White House assistant chef. In May, 1993, after he was not promoted to sous chef, he filed a claim with the Equal Employment Opportunity Commission (EEOC) alleging ethnic and racial discrimination by his White House supervisor, Gary Walters. He claimed that the reason he was not promoted was because he is an American rather than French chef and because his wife is African–American. On June 16, 1993, Mr. Haddon was escorted out of the White House, his pass was revoked, and he was interrogated in response to a report that he posed a security threat to the First Family. Following an FBI investigation, Mr. Haddon was cleared of any wrongdoing. He returned to work three days later.

Mr. Haddon believed that Mr. Walters had the FBI initiate its investigation in retaliation for the EEOC complaint he attempted to pursue against Mr. Walters. Mr. Haddon's EEOC claims were adjudicated in *Haddon v. Walters* in a hearing before an administrative law judge pursuant to 2 U.S.C. § 1219, a now-defunct statutory scheme. The statute provided for resolution of Title VII actions brought by Presidential appointees, such as Mr. Haddon, before an administrative law judge.

On March 11, 1994, Mr. Haddon requested all records on himself from the FBI pursuant to the Privacy Act, 5 U.S.C. § 552a. Mr. Haddon intended to use his records in *Haddon v. Walters*. By letter dated April 8, 1994, the FBI informed Mr. Haddon that the processing of his access request would be delayed. By order dated August 26, 1996, this court granted the FBI's motion to stay proceeding under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C.Cir.1976). The court ordered the FBI to complete the processing of Mr. Haddon's request by January 31, 1998. On October 16, 1997, seven days after the conclusion of *Haddon v. Walters*, Mr. Haddon received notice of the availability of the requested information.

Mr. Haddon brings this action under the Privacy Act. He alleges that the FBI improperly relied on exemption (k)(5) of the Privacy Act to withhold information contained in his record. He further alleges that the FBI intentionally delayed processing of his request, in violation of 5 U.S.C. section 552a(g)(4), until the conclusion of *Haddon v. Walters*.

## III. STANDARD OF REVIEW

### A. Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact," and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant has the initial burden to show that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to defeat a motion for summary judgment, the non-moving party "may not rest upon the mere allegation or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering the defendant's motion for summary judgment, the court must examine all evidence in the light most favorable to the plaintiff. *See id.* at 255, 106 S.Ct. 2505. After reviewing the submissions of the parties, the court concludes that summary judgment is appropriate in this case as there are no genuine issues of material fact present.

### B. Privacy Act

The Privacy Act governs records, which are defined as "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name ...." 5 U.S.C. § 552a(a)(4). The D.C. Circuit has concluded that to fall under the Privacy Act, the record must (1) contain the individual's name or other identifying particular and (2) be "about" the individual. *See Tobey v. N.L.R.B.*, 40 F.3d 469, 471 (D.C.Cir. 1994).

If an individual to whom a record pertains makes a request pursuant to the Privacy Act, an agency may refuse to disclose information for review provided the information falls within one of the Privacy Act exemptions adopted by the agency. The FBI incorporated the Privacy Act exemptions into its regulations at 28 C.F.R. section 16.96. In the present case, the FBI invoked exemption (k)(5) of the Privacy Act to withhold the names of confidential sources from Mr. Haddon. Exemption (k)(5) exempts from disclosure:

> investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualification for Federal civilian employment ... but only to the extent that the disclosure of such material would reveal the identity of a source who furnished information to the Government un-

der an express promise that the identity of the source would be held in confidence. 5 U.S.C. § 552a(k)(5).

## IV. DISCUSSION

### A. Redacted Documents

At issue in this case are redacted portions of documents from the *Vaughn* index filed by the government in this case. The documents pertain to the FBI investigation which occurred after Mr. Haddon was reported as a threat to the First Family. Mr. Haddon only disputes the redaction of (1) information pertaining to the identities of confidential sources and (2) the names and telephone extensions of FBI personnel. The FBI redacted these documents, asserting two different Privacy Act exemptions. First, the FBI withheld, pursuant to subsection (k)(5) of the Privacy Act, information that it claims would reveal the identities of confidential sources. Second, the FBI withheld, pursuant to subsection (a)(4) of the Privacy Act, information that it claims would reveal the names and telephone extensions of FBI agents. Mr. Haddon seeks disclosure of the withheld information. The FBI originally invoked exemptions peculiar to the Freedom of Information Act (FOIA) in addition to the above cited Privacy Act exemptions, however it now posits that all redacted information at issue was properly redacted under the Privacy Act. Accordingly, this court will address only the asserted Privacy Act exemptions.

### 1. Information Exempt from Disclosure Under Subsection (k)(5)

 The FBI asserts that it redacted certain information from the documents at issue here pursuant to subsection (k)(5) of the Privacy Act because this information contains the identities of confidential sources. Section (k)(5) requires that an express promise of confidentiality exist in order for the FBI to properly exempt from disclosure information which would identify a confidential source. 5 U.S.C. § 552a(k)(5). Mr. Haddon contends that a material issue of fact exists as to whether the FBI gave express promises of confidentiality.[1] He argues that the affidavit of Nancy Steward presented by the FBI is insufficient to support the FBI's assertion of express promises of confidentiality because it is not based on personal knowledge. The court, however, is not required to look only at the affidavit to determine whether express promises of confidentiality existed. *See Londrigan v. FBI*, 670 F.2d 1164 (D.C.Cir.1981). "Verification of the fact of such a promise may vary in extent depending on the type of information, the circumstances under which it was gathered, and other factors ...." *See id.* at 1173. After examining FBI documents, the court in *Londrigan* found an express promise of confidentiality contained therein. *See id.* In the present case, the court finds similar evidence of express promises of confidentiality in the docu-

1. Mr. Haddon argues that his request for discovery with respect to the existence of express promises of confidentiality precludes summary judgment. As bases for this proposition, Mr. Haddon first argues that there are documents under seal in connection with *Haddon v. Walters* which undermine the existence of express promises of confidentiality. Mr. Haddon posits that he should be allowed to submit these documents in this litigation. In the order sealing the documents Mr. Haddon seeks to use in this case, however, Administrative Law Judge Jag Jit Singh stated that "the parties may not disclose or use the documents, information, or testimony obtained in discovery, pre-hearing proceedings, or the hearing in [*Haddon v. Walters*] for any purpose other than litigating complainant's claims in [*Haddon v. Walters*]." (Pl.'s Mot. to Submit Documents Under Seal from EEOC Hearings, Ex. 1). Mr. Haddon cites no authority for this court to order Judge Singh to unseal, for use in this case, documents from the case over which he presided. Accordingly, plaintiff's motion for a protective order for filing documents under seal from the EEOC hearing must be denied.

Second, Mr. Haddon argues that the FBI possesses information which undermines the exemption asserted by the FBI. Summary judgment is appropriate, however, where the opposing party never states concretely why he could not, absent discovery, present facts essential to justify his opposition to the summary judgment motion. *Strang v. United States Arms Control & Disarmament*, 864 F.2d 859, 861 (D.C.Cir.1989) (emphasis added). The affidavit of plaintiff's attorney, submitted by Mr. Haddon, declares only that Mr. Haddon is unable to present evidence in opposition to defendant's motion for summary judgment because he has not been permitted to conduct discovery. (Pl.'s Opp'n to Def.'s Mot. for Summ. J., Ex. 1). Because the affidavit fails to meet the *Strang* standard, the court concludes it is unnecessary to order a continuance to permit discovery.

ments themselves, and therefore, need not rely on the affidavit of Nancy Steward.

The first redactions challenged by the plaintiff are those pertaining to four individuals referred to as T–1, T–2, T–3, and T–4. (Pl.'s Opp'n to Def.'s Motion for Protective Order, Ex. 3). The identity of each of these individuals has been redacted by the FBI from a June 17, 1993 memorandum. *See id.* The memo itself states, "express promises of confidentiality, both limited and unlimited, have been granted to the following individuals ...." Because these documents demonstrate that individuals T–1 through T–4 clearly furnished information under express promises of confidentiality, the FBI properly exempted their identities from disclosure. *See Londrigan,* 670 F.2d at 1173.

Likewise, any information in the other documents which would reveal the identities of these individuals is also properly exempt from disclosure. *See* 5 U.S.C. 552a(k)(5); *Voelker v. FBI,* 638 F.Supp. 571, 573 (E.D.Mo.1986). Several documents contain the statements of each of the above mentioned confidential sources. (Pl.'s Opp'n to Def.'s Mot. for Protective Order, Ex. 5,6,7,8). The FBI redacted portions of these statements. Because these individuals made statements under an express promise of confidentiality, any information in their statements which would reveal their identities is properly exempt from disclosure. *See* 5 U.S.C. 552a(k)(5); *Voelker,* 638 F.Supp. at 573. Accordingly, the court concludes that the FBI properly withheld, pursuant to exemption (k)(5), the identities of confidential sources as well as information in their statements which would reveal their identities.

The court further concludes that the FBI properly invoked exemption (k)(5) to withhold the identities of T–5 and T–6 as well as any information that would reveal their identities. Two of the disputed FBI documents summarize statements made by T–5 and T–6. (Pl.'s Opp'n to Def.'s Mot. for Protective Order, Ex. 10, 11). The documents state that each of these individuals "requested that his identity be protected from anyone outside the FBI." *See id.* Where documents demonstrate that the sources of information desired confidentiality, there is no need for an *in camera* review of the documents. *See Savada v. U.S. Dep't of Defense,* 755 F.Supp. 6, 8 (D.D.C.1991). The court in *Savada* found that information is properly exempt from disclosure under (k)(5) where it is "withheld to protect the identities of individuals who gave information with a desire to remain anonymous." *Id.* In the present case, the requests of T–5 and T–6 that their identities to be protected from anyone outside the FBI equates to a "desire to remain anonymous." *See id.* Thus, the identities of T–5 and T–6 are properly exempt from disclosure under (k)(5). Accordingly, the FBI properly invoked exemption (k)(5) to withhold the identities of T–5 and T–6 from the documents requested by Mr. Haddon.

The court also concludes that the FBI properly invoked exemption (k)(5) with respect to statements made to the FBI by Gary Walters. (Pl.'s Opp'n to Def.'s Mot. for Protective Order, Ex. 12, 13). In these statements, Mr. Walters conveyed to the FBI complaints about Mr. Haddon made by co-workers. The FBI redacted the identities of some of the complaining co-workers. The FBI states that the co-workers whose identities have been withheld in Mr. Walters' statements are among the confidential sources T–1 through T–6. Mr. Haddon argues that information revealing the identity of a confidential source is only exempt from disclosure in statements made by those confidential sources. Exemption (k)(5), however, does not make this distinction. As long as the source provided information to the FBI under an express promise of confidentiality, material which would reveal the identity of the source is exempt from disclosure. *See* 5 U.S.C. 552a(k)(5). It would be illogical to withhold a confidential source's identity in his own statements yet disclose his identity where a third party conveyed to the FBI information learned from the confidential source. Therefore, the court concludes that the FBI properly withheld the identities of confidential sources in statements made by Gary Walters to the FBI.

The court, however, is unable to determine whether the information withheld in

Franette McCulloch's statement would reveal the identity of a confidential source. Mr. Haddon alleges that the information withheld is not exempt under subsection (k)(5). The FBI failed to respond to Mr. Haddon's allegation. Consequently, the court will conduct an *in camera* review of Franette McCulloch's statement to determine whether it reveals the identity of a confidential source. In order for the court to determine whether the information withheld reveals the identity of a confidential source, the FBI must also submit the identities of T–1 through T–6 for an *in camera* comparison with the unredacted version of Franette McCulloch's statement.

### 2. Information Exempt from Disclosure Under Section (a)(4)

 The Privacy Act defines a record as "any item, collection, or grouping of information *about* an individual . . . ." 5 U.S.C. § 552a(a)(4) (emphasis added). The identities of FBI agents and personnel do not constitute the requester's record because they are not "about" the plaintiff. *Nolan v. U.S. Dep't of Justice*, 1991 WL 36547, *9 (D.Colo.1991), *aff'd* 973 F.2d 843 (10th Cir. 1992). Therefore, the identities are deemed "outside the scope of the [Privacy Act]" and not subject to disclosure. *Id.* This court previously applied *Nolan* in a case similar to the instant action and held that "names of agents involved in the investigation are properly exempt from disclosure." *Doe v. U.S. Dep't of Justice*, 790 F.Supp. 17, 22 (D.D.C. 1992). Likewise, telephone extensions of FBI employees are not "about" Mr. Haddon. Applying *Nolan* and *Doe*, the court concludes that the FBI properly withheld the identities as well as the telephone extensions of FBI agents and personnel from the subject documents.

### B. Intentional Delay

Lastly, plaintiff claims that the FBI intentionally delayed releasing information responsive to his request until after the conclusion of the EEOC case. Plaintiff seeks damages for this alleged intentional delay.

---

2. The court could also award the plaintiff reasonable attorney fees if he "substantially prevailed" in this litigation. *See* 5 U.S.C. § 552a(g)(3)(B).

 The Privacy Act does allow for the recovery of actual damages, costs and attorney's fees in a limited number of circumstances. *See* 5 U.S.C. § 552a(g)(4). A plaintiff may seek to recover damages as enumerated in subsection (g)(4) if he can show that the agency acted intentionally or willfully in violating the Privacy Act as described in subsections (g)(1)(C) or (g)(1)(D). *See id.; Tijerina v. Walters*, 821 F.2d 789, 795 (D.C.Cir.1987). In the instant matter, plaintiff claims that the FBI has failed to turn over information that it is required to turn over pursuant to the Privacy Act. Such a violation of the Privacy Act by the FBI is covered by subsection (g)(1)(B). Consequently, the only remedy available to the plaintiff for such an alleged violation is injunctive relief. *See* 5 U.S.C. § 552a(g)(3)(A); *Thurston v. United States*, 810 F.2d 438, 446–47 (4th Cir.1987).[2] The court, therefore, need not address whether the FBI intentionally delayed the release of the requested information because the plaintiff has no right to statutory damages on the basis of the claims currently before the court.

### V. CONCLUSION

The court concludes that the FBI properly redacted the identities, and information which would reveal the identities, of confidential sources pursuant to 5 U.S.C. section 552a(k)(5). The FBI also properly redacted the names and telephone extensions of FBI personnel which are outside the scope of the Privacy Act and, thus, not subject to disclosure. In addition, the court concludes that as a matter of law the plaintiff has no right to statutory damages for any alleged intentional delay by the FBI in releasing the requested information. Lastly, the court will review, *in camera*, an unredacted version of Franette McCulloch's statement along with the names of the confidential informants identified as T1–T6.

The required order directing the parties in a fashion consistent with this memorandum

---

However, given that the court is granting defendant's motion for summary judgment, plaintiff is not eligible for such relief in the instant matter.

opinion is separately and contemporaneously issued this 31 day of December, 1998.[3]

---

**3.** The court will deny as moot the plaintiff's motion for an oral hearing and motion to strike the declaration of Nancy Steward as well as the defendant's motion for a protective order.