NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008[*]
Decided November 24, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3125

| | |
|---|---|
| ALFRED MELTON, *Plaintiff-Appellant,* <br><br> *v.* <br><br> UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF ILLINOIS and CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 07 C 3831 <br><br> Mark R. Filip, *Judge.*[**] |

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

[**] Mark Filip, who entered the July 27, 2007 order from which the appeal is taken, resigned and took office as the Deputy Attorney General of the United States on March 10, 2008.

**O R D E R**

Alfred Melton was convicted of bank robbery in the Northern District of Illinois. We affirmed his conviction, *United States v. Melton*, 75 Fed. App'x 539 (7th Cir. 2003), and the district court denied his petition for postconviction relief, *see United States v. Melton*, Nos. 05-3923 & 05-3924 (7th Cir. Jan. 6, 2006). Now Melton wants a copy of the bank surveillance videotape that he alleges was played at trial. After his written requests to the clerk of the district court and the United States Attorney did not produce results, Melton filed what he labeled as a petition for a writ of mandamus, *see* 28 U.S.C. § 1361, asking the district court to compel either the clerk of the court or the prosecutor to hand over a copy of the video. The district court dismissed the action on the ground that neither defendant had a duty to give Melton the video.

Melton mislabeled his pro se submission as a petition under § 1361, but the mistake is inconsequential. It is true that mandamus is unavailable as a remedy, though not because, as the district court believed, Melton lacks a basis for demanding a copy of the video. Rather, mandamus cannot substitute for an adequate remedy at law, *see United States v. Vinyard*, 539 F.3d 589, 591 (7th Cir. 2008), and Melton has legal remedies against both defendants. But Melton was not required to identify a legal theory, and the district court should have ignored his reliance on § 1361 and permitted Melton to proceed to the extent that his submission states a claim for relief. *See Castro v. United States*, 540 U.S. 375, 382-82 (2003); *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

Melton has a common-law right to inspect and copy judicial records, and that right exists independently of any underlying criminal or civil matter. *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597-98 (1978); *Jessup v. Luther*, 277 F.3d 926, 927, 929-30 (7th Cir. 2002); *Smith v. U.S. Dist. Ct.*, 956 F.2d 647, 650 (7th Cir. 1992). Thus his submission states a claim against the clerk under the common law. *See Smith v. U.S. Dist. Ct. Officers*, 203 F.3d 440, 441 (7th Cir. 2000). Melton's right to inspect and copy the video is not absolute, *see Nixon*, 435 U.S. at 598; *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994), and necessarily depends upon whether the video was actually played at trial, *see In re Nat'l Broad. Co.*, 653 F.2d 609, 614 (D.C. Cir. 1981), whether it is still available, *see Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781-83 (3d Cir. 1994) (concluding that right of access ends when district court no longer possesses exhibit); *Littlejohn v. BIC Corp.*, 851 F.2d 673, 683 (3d Cir. 1988) (same); *see also* N.D. ILL. LOCAL R. 79.1 (governing clerk's retention of trial exhibits), and whether Melton is willing to pay for a copy, *see United States v. Martin*, 746

F.2d 964, 968 (3d Cir. 1984*).* But these questions are for the district court to take up on remand.

The demand for disclosure from the United States Attorney is a different matter. Melton's legal remedy is under the Freedom of Information Act, 5 U.S.C. § 552, a comprehensive regulatory scheme that displaces the common-law right of access to the United States Attorney's records. *See City of Milwaukee v. Illinois*, 451 U.S. 304, 314 (1981); *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 936-37 (D.C. Cir. 2003); *see also Antonelli v. Sullivan*, 732 F.2d 560 (7th Cir. 1984) (describing pro se prisoner's FOIA request for information about his criminal conviction). Melton, however, has never asserted that he is trying to pursue a claim under FOIA, and based upon the present record, we see no indication that he ever submitted a proper request that would have required a response from the United States Attorney. *See* 5 U.S.C. § 552(a)(3)(A), (a)(6)(A). Accordingly, the district court was correct to dismiss the action against the United States Attorney.

The judgement is VACATED to the extent that it dismisses Melton's claim against the clerk of the district court, and the case is REMANDED for further proceedings on that claim. In all other respects, the judgment is AFFIRMED.