David HAMLIN, Plaintiff,

v.

Clarence KELLEY, Federal Bureau of Investigation, Edward Levi and the Department of Justice, Defendants.

No. 76 C 3902.

United States District Court, N. D. Illinois, E. D.

June 2, 1977.

Lance Haddix, Chicago, Ill., for plaintiff.

Samuel Skinner, U.S. Atty., Floyd Babbitt, Asst. U. S. Atty., Chicago, Ill., Rex E. Lee, Jeffrey Axelrad and Barbara L. Ward, Asst. Attys. Gen., U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

This is a civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel defendants to produce certain documents for inspection and copying, to declare that certain activities of defendants violate FOIA, and to enjoin defendants from further such violations. Plaintiff alleges irreparable harm as the basis for injunctive and declaratory relief, and he also asks for damages.

Jurisdiction is conferred on this Court by the Public Information Section of the Administrative Procedure Act, 5 U.S.C. § 552 (FOIA); by the provisions for judicial review in the Act §§ 701–706; and by the First, Fourth and Fifth Amendments to the Constitution. Jurisdiction is predicated on 5 U.S.C. § 552(a); 28 U.S.C. § 1331(a), § 1361, § 2201 and the federal common law arising out of the Constitution.

Before this Court are defendants' motions to dismiss Clarence Kelley, Edward Levi

and the Federal Bureau of Investigation (FBI) pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the ground that they are not proper parties to this action and to stay further proceedings pursuant to 5 U.S.C. § 552(a)(6)(C) pending completion of the administrative review process. For the reasons herein stated, we deny both motions except in part with respect to defendant Levi and order the remaining defendants to deliver the requested documents to plaintiff.[1]

## FACTS

In a letter addressed to defendant Kelley dated April 1, 1976, plaintiff requested access under the Freedom of Information Act to all FBI files on the American Civil Liberties Union, the Illinois Division of the American Civil Liberties Union and the Roger Baldwin Foundation of the American Civil Liberties Union, Inc. On April 16, 1976, defendant Kelley acknowledged that letter; but he indicated that, because of an "exceedingly heavy volume of [FOIA] requests" and "court deadlines," requests were subject to "substantial delays." Plaintiff interpreted that answer as a refusal to deliver the requested documents within the period of time specified in the statute; and, in a letter to defendant Levi on July 8, plaintiff appealed that denial of his request.[2]

Following defendants' failure to respond within the time allowed by statute and their failure to seek an extension as provided in § 552(a)(6)(B), plaintiff initiated this suit to compel production of the documents and to enjoin further delay by defendants in complying with the Act. On January 28, 1977, almost ten months after plaintiff's request for information was made, defendants moved this Court to dismiss defendants Levi, Kelley and the FBI and to stay fur-

ther proceedings pending completion of the administrative review process.

## THE MOTION TO DISMISS

Defendants claim that Levi, Kelley and the FBI are not "agencies" as that term is used in the Administrative Procedure Act (APA) and are, therefore, not proper parties to this action. This suggestion, made without supporting argument or reference to authority, is entirely contrary to the language of the statute and to the many judicial opinions which have interpreted and construed that language.

Section 551 of the APA defines "agency" to mean ". . . each authority of the Government of the United States, whether or not it is within or subject to review by another agency . . . ." The Attorney General and the Director of the FBI, sued in their official capacity as custodians of the requested documents, are named defendants in this case precisely because they are the individuals most responsible for the policy and decisions of the Department of Justice and the FBI and because they are the final authorities on the administration of FOIA within those departments.

Further, so many cases under this statute have been sustained against heads of departments, units and agencies that their susceptibility to suit is well established; and the motion to dismiss Levi and Kelley can only be considered frivolous.

Similarly, the FBI has long been recognized as a proper party to actions filed under FOIA. The District of Columbia Circuit found that the definition of "agency" cited above included "any administrative unit with substantial independent authority in the exercise of specific functions." *Soucie v. David*, 145 U.S.App.D.C. 144, 448 F.2d

---

**1.** Inasmuch as defendant Levi is no longer Attorney General of the United States, no injunctive relief would be appropriate as to him. Accordingly, the complaint, insofar as it seeks injunctive relief is concerned, will be dismissed as to him.

**2.** Section 552(a)(6)(A) of FOIA requires an agency to determine within ten days (excluding Saturdays, Sundays and legal holidays) after receipt of a request whether or not to comply with the request and immediately to notify the requester of the determination and the reasons therefor. If the decision is negative and is appealed, the appeal is to be determined within twenty days after receipt (again excluding Saturdays, Sundays and legal holidays).

1067 (1971). Defendant FBI meets this test and is a proper party to this action.

## THE MOTION TO STAY

■ Defendants rely on § 552(a)(6)(C) of FOIA in support of their motion to stay pending their completion of the review of the requested documents. That section provides:

"If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records."

Defendants claim that the large number of FOIA and Privacy Act (5 U.S.C. § 552(a)) requests they have received constitute such "exceptional circumstances" and that the inability of their staff to respond to such a large volume demonstrates the "due diligence" required by the statute. For these reasons they seek an indeterminate stay of this action.

The Act does not provide for a stay of proceedings, however, but instead speaks only of a court-supervised "extension" when specific obstacles prevent the delivery of documents at the appointed time. The Senate Report on S.2543, the 1974 Freedom of Information Act amendments, specifically discussed the kinds of circumstances that could warrant such an extension and said in part:

"Agencies that simply processed large volumes of requests or frequently faced novel questions of legal interpretation could not avail themselves of this procedure. Nor could agencies or parts of agencies utilize this . . . procedure simply because they had been unable to regularly meet standard deadlines, without a showing of geographical or other concrete obstacles to the location of the files or records. . . ."

S.Rep. No. 93–854, May 16, 1974 at 27 (hereinafter "Senate Report").

Inadequate staff, insufficient funding or a great number of requests are not within the meaning of "exceptional circumstances" as that language is used in the statute nor were they within the contemplation of its framers as evidenced by the legislative history.

References throughout the Senate Report indicate time and again that the Congress intended to eliminate the very conduct which defendants now claim should excuse them from prompt compliance. Further, the Senate Report indicates that Congress deliberately removed from the agencies the authority to delay FOIA requests for the reasons now raised by defendants because the agencies could not be trusted to keep their affairs regular with respect to these requests. "Frequent instances of agencies' failing to follow their own regulations militate against allowing them to govern their own performance [under the Act]." Senate Report at 27.

Defendants further argue that court-ordered compliance with FOIA in other cases prevents timely compliance here and that plaintiff would be given an unfair preference over others seeking documents from defendants should this Court order defendants to follow the statutory mandate.

This is an extraordinary argument. Defendants have not only delayed plaintiff's request for more than a year in clear violation of the statutory time limits, but now suggest that this Court become a party to their denial of documents and violation of the statute by holding plaintiff in his place in the line of those awaiting the agencies' convenience. Court intrusion to enforce the law, it is suggested, further complicates the agencies' problems and increases the delay for those seeking information.

The fact of pervasive non-compliance as an argument to justify and sustain further non-compliance is bad law and worse logic. Congress established strict time limits to prevent the present practices of defendants, and it is Congress' decision in law and not the agencies in delay which governs this case.

■ Although plaintiff has not moved for summary judgment, on the evidence thus far submitted we find it appropriate to

grant partial summary judgment for plaintiff *sua sponte*. Though the decisions are conflicting with respect to a district court's authority to grant summary judgment in this manner, a number of cases have found such power appropriate when it is reasonably certain that judgment can be rendered without trial. *See Sibley Memorial Hospital v. Wilson*, 160 U.S.App.D.C. 14, 488 F.2d 1338, 1343–44 (1973). Defendants are ordered to produce the documents requested by plaintiff for inspection and copying in 30 day intervals commencing June 1, 1977 and completing delivery by October 1, 1977 with not less than approximately 20% of the total to be delivered each month.