**Marshall CAIFANO, Plaintiff,**

v.

**Atlee W. WAMPLER, III, et al., Defendants.**

**No. 83 C 3300.**

United States District Court, N.D. Illinois, E.D.

Aug. 8, 1984.

Richard B. Caifano, Chicago, Ill., for plaintiff.

William T. Calbault, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff, an inmate in the federal prison system, has made requests to the Department of Justice and the Federal Bureau of Investigation under 5 U.S.C. § 552, the Freedom of Information Act ("FOIA"), seeking records maintained under his name and pertaining to his prosecution and conviction in the Southern District of Florida. The FOIA requires agencies to determine within ten working days and immediately notify requestors whether the requested documents will be released. 5 U.S.C. § 552(a)(6)(A)(i). Here, nearly a year and three-quarters has passed since plaintiff made his requests, and though he has received some of the documents he sought, he still has not been informed whether he will receive the bulk of them. Accordingly, plaintiff brought this lawsuit seeking compliance with the terms of the FOIA and access to the requested documents.

■ In our Memorandum Opinion of June 22, 1984, we stated that the issue in this case was whether we would excuse the failure of the defendants to comply with the ten-day response provision by invoking 5 U.S.C. § 552(a)(6)(C), which authorizes

courts to grant agencies additional time beyond the ten days set forth in the Act to respond to FOIA requests where "exceptional circumstances exist and ... the agency is exercising due diligence in responding to the request ...." We directed the parties to brief the question of how we are to determine whether the defendant agencies have exercised the "due diligence" contemplated by § 552(a)(6)(C).

The material submitted by defendants in response to our order makes clear that they are doing the best they can within their physical limitations to cope with a crushing number of FOIA requests. However diligent and well-intentioned they may be, they simply cannot comply with the ten-day provision; they have limited resources, limited personnel, and a seemingly unlimited number of requests, some of which are quite voluminous, to contend with.

Still, we are not inclined to accept defendants' argument that they are entitled to an extended time period in which to respond to plaintiff's requests. Although some courts have applied the "due diligence—exceptional circumstances" provision in factual situations identical to this one, *see, e.g., Open America v. Watergate Special Prosecution Force,* 547 F.2d 605 (D.C.Cir.1976), we are not quite so eager to invoke that section. If the due diligence provision applies here, then clearly it swallows altogether the ten-day response requirement. So long as an agency could show that it had received more requests than it could handle, and that it was proceeding diligently—and we would be surprised if most agencies could not show this—then it would not be obliged to comply with the ten-day requirement. This interpretation would render the ten-day clause a non-entity. It seems unlikely that Congress intended such a result.

If we reject applicability of the time extension provision, however, it would appear that we must hold that the defendants have inexcusably violated the FOIA time limitations. *See, e.g., Hamlin v. Kelley,* 433

F.Supp. 180 (N.D.Ill.1977). Unfortunately, we can think of no way in which we could fairly and efficiently right the wrong were we to so rule.

 Although a number of potential remedies occur to us, none of them strike us as satisfactory or prudent. Some courts that have found a violation of the ten-day rule have, for example, ordered defendant agencies to take action on a plaintiff's request within a specified time period. *See, e.g., Hinton v. Federal Bureau of Investigation,* 527 F.Supp. 223 (E.D.Pa.1981); *Hamlin v. Kelley, supra.* Although this might appear to be the easy way to handle such cases, we think it simply shoves the problem under the rug. The effect would be to "vault" plaintiff's request over the requests of other individuals who were ahead of him in the FOIA line but who did not seek judicial relief. This would unfairly prejudice those other individuals, and we will not do that. *See Open America v. Watergate Special Prosecution Force, supra,* 547 F.2d at 614–15.[1]

Another possibility would be to direct defendants to turn over immediately all requested documents. Even if we had the authority to order such drastic relief, that course of action would eviscerate the many and genuine concerns underlying the FOIA exemptions, including the need to protect ongoing investigations. This, too, is an untenable remedy.

Finally, we do not consider it appropriate to order federal agencies to restructure their resource allocation so as to devote more resources to the task of FOIA compliance and less to the substantive focus of the respective agencies.

 In short, we find ourselves in a troubling position, and one that is unique in our experience: whether or not defendants have violated the ten-day response provision of the FOIA, there is nothing we can do at this time to give plaintiff relief, or to vindicate any rights he may have. We can only direct that defendants continue to

---

**1.** *But see Hamlin v. Kelley,* 433 F.Supp. 180, 182 (N.D.Ill.1977).

work diligently and expeditiously in a good faith manner to respond to plaintiff's requests.[2]

For the above reasons, we dismiss this action with leave to reinstate.[3]

---

**2.** We do not mean to imply that defendants should wait until their review of *all* of the relevant documents is complete before they release *any* available documents to plaintiff. Rather, we believe that the method by which defendants have been processing plaintiff's requests to date is preferable, i.e., piecemeal release of document installments as they are reviewed and cleared. *See Hinton v. Federal Bureau of Investigation, supra,* 527 F.Supp. at 225.

**3.** We dismiss, rather than retain jurisdiction over the case, because at this point we cannot say that there is any ripe or justiciable dispute between the parties. There has been no denial of plaintiff's requests by defendants, and we will not predict whether defendants will, when they eventually fully consider plaintiff's requests, take action with which plaintiff disagrees. Similarly, we hereby deny plaintiff's motion for an indexing pursuant to *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), without prejudice to the refiling of that motion in a later action. The motion is premature at this time, as a *Vaughn* index serves to summarize claims of privilege concerning a large bulk of documents. *Antonelli v. Sullivan,* 732 F.2d 560, 562 (7th Cir.1983). There have been no claims of privilege in this case. If plaintiff does ultimately object to action taken by defendants, and wish to obtain an indexing, he may file a motion to reinstate this case; no filing fee will be required.