**The KNIGHT PUBLISHING COMPANY, d/b/a The Charlotte Observer and The Charlotte News; and William "Skip" Hidlay, Plaintiffs,**

**v.**

**The UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**No. C–C–84–510–P.**

United States District Court, W.D. North Carolina.

Dec. 26, 1984.

Jonathan E. Buchan, H. Landis Wade, Jr., Helms, Mulliss & Johnston, Charlotte, N.C., for plaintiff.

Barbara Gordon, Keith Fischler, Dept. of Justice, Civ. Div., Washington, D.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Plaintiff's motion to compel preparation of a Vaughn index, Plaintiff's motion for attorneys' fees, Defendant's motion for a protective order and Defendant's motion to dismiss or in the alternative for an enlargement of time.

### A. *Motion to Dismiss*

The Defendant moves to dismiss the Complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. The statutory language of the Freedom of Information Act (the Act) conferring jurisdiction on the courts provides as follows:

On complaint, the District Court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the Court shall determine the matter de novo ... and the burden is on the agency to sustain its action.

5 U.S.C. § 552(a)(4)(B). The Supreme Court accordingly has held that jurisdiction is dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records". *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980).

In the instant case the Complaint clearly alleges that agency records were improperly withheld from the Plaintiff. Furthermore, the parties appear to agree that agency records have been withheld. The Defendant's sole basis for the dismissal, either for lack of subject-matter jurisdiction or failure to state a claim, is its

unsupported bare bones conclusory assertion that records have not been "improperly withheld". In support of the motion to dismiss the Defendant filed three affidavits, which affidavits evidently are offered to show that records have not been improperly withheld. The affidavits, however, only set forth the circumstances of processing the Plaintiff's FOIA requests and assert that the requests were processed under Defendant's standard operating procedure in the normal course of business. The affidavits completely fail to address the circumstances surrounding the agency's decision not to disclose. Except for submitting the correspondence between the Plaintiff and the Defendant, there is not one iota of substantive information about the withheld materials and the circumstances justifying the nondisclosure or the basis for the exemption. Processing a request through a routine procedure has absolutely no bearing on whether the agency's ultimate decision to withhold the document was proper or improper. The Court is, therefore, of the opinion that the motion to dismiss should be denied in that Defendant's bare bones assertion that it has not improperly withheld requested records does not divest the Court of subject matter jurisdiction or establish that the Plaintiff has failed to state a claim upon which relief can be granted. 5 U.S.C. § 552(a)(4)(B).

### B. *Motion to Compel Preparation of a Vaughn Index*

On September 11, 1984 the Plaintiff filed a motion to compel preparation of a *Vaughn* index and the Plaintiff attached a proposed order covering the matters sought in the *Vaughn* index. The motion encompasses FOIA requests made by the Plaintiff to the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI") and the Executive Office for the United States Attorneys ("EOUSA"). The Defendant initially objected to preparation of a *Vaughn* index as to all three agencies. The Defendant, however, subsequently informed the Court that there is no objection to preparation of the *Vaughn* index as set forth in the Plaintiff's proposed order with respect to the FBI and the DEA. The Defendant does object to the preparation of a *Vaughn* index relating to the FOIA request to EOUSA.

Prior to bringing this action, the DEA and the FBI made an "initial determination" denying the Plaintiff's FOIA requests. Although the EOUSA received the FOIA requests on December 27, 1983 it has completely failed to make an "initial determination." Since the EOUSA never made a determination, the Defendant argues that preparation of a *Vaughn* index, which index details in an organized manner the agency's justifications for its decisions, is premature.

■ The Court is inclined to agree with the Defendant that the indexing request as to EOUSA is untimely. The Court, however, is further of the opinion that although preparation of the index may be premature, EOUSA is not forever exempt from the requirement of compiling a *Vaughn* index because it failed to timely respond to the Plaintiff's FOIA request. There is not any dispute that the Plaintiff exhausted its administrative remedies under FOIA with respect to EOUSA. EOUSA received the Plaintiff's first FOIA request on December 27, 1983 and almost a year has passed and EOUSA has still not responded to this request. It would be absurd to allow EOUSA to avoid filing a *Vaughn* index on the basis that it failed to respond to the FOIA requests in accordance with the Act in the first place. The Court is, therefore, of the opinion that EOUSA should be ordered to issue its response to the request and if the request is denied the Defendant is on notice that it will have to timely submit a *Vaughn* index.

### C. *Motion for Protective Order*

■ On September 11, 1984 the Defendant received the Plaintiff's first set of interrogatories and requests for production of documents. The Defendant filed a motion for a protective order asking that it be relieved from having to answer, object, or respond to any of the requested discovery.

**750**

The Defendant sets forth two grounds for its motion. One, the Court should postpone discovery until the motion to dismiss is resolved. Two, "the Plaintiff through his interrogatories seeks to discover information outside the purview of his request for records and clearly beyond that which he would receive if ultimately successful in this lawsuit."

As the Court has denied the Defendant's motion to dismiss it is no longer an arguable justification for a blanket postponement of discovery. Further, although the Defendant conclusorily asserts that the requested discovery is "outside the purview" of the Plaintiff's FOIA requests, the Defendant completely fails to state how or why the discovery is too broad, which questions, if any, are too broad, or to set forth any specifics as to the "objectionable" nature of the discovery request. In addition, the Court has reviewed the discovery request and the interrogatories to cover the factual circumstances pertinent to the agency withholding of the records. The Court is, therefore, of the opinion that the Defendant's motion for a protective order should be denied.

### D. Attorneys' Fees

■ The Plaintiff requests that it be awarded attorneys' fees for the discovery motion because it is readily apparent that the requested discovery was appropriate. The Court, however, is of the opinion that in light of the pending motion to dismiss, the Defendant's motion for a protective order was substantially justified. Accordingly, the Plaintiff's motion for attorneys' fees should be denied.

### E. Extensions of Time

The Defendant is apparently [1] requesting an extension of time in which to prepare a *Vaughn* index, an extension of time in which the EOUSA may respond to the Plaintiff's FOIA requests and a second ex-

tension of time in which to file its Answer. The Defendant relies heavily on *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C.Cir.1976) in support of all its motions for extensions of time.

*Open America* deals with the issue of how much time an agency should be given to make a determination with respect to an FOIA request when it has failed to respond within the statutory ten-day and twenty-day periods of 5 U.S.C. § 552(a)(6)(A), (B). Specifically, *Open America* addresses what actions by an agency constitute "exceptional circumstances" and "due diligence" within the meaning of 5 U.S.C. § 552(a)(6)(C). The exceptional circumstances/due diligence standard discussed in *Open America* and as set out on 5 U.S.C. § 552(a)(6)(C) does not have any relationship, bearing, or application as to whether a court should extend the time in which a party should answer a Complaint or provide discoverable information in the form of a *Vaughn* index.

■ The Court has carefully reviewed the file and is of the opinion that EOUSA has shown that exceptional circumstances existed justify some delay in responding to the Plaintiff's FOIA requests. The circumstances, however, are not of such an abnormal, unusual or burdensome nature to justify more than a year's delay of a twenty-day time limit. The Court is, therefore, of the opinion that as a year is more than a sufficient time in which to make an initial determination with respect to the Plaintiff's FOIA request, EOUSA should have until December 31, 1984 in which to respond to the Plaintiff's request.

The Complaint in this action was served on September 11, 1984. Under 5 U.S.C. § 552(a)(4)(C) the Answer was due within thirty days. The Defendant moved the Court to extend the time in which to An-

---

1. The motion requests an extension of time to prepare a *Vaughn* index. The memorandum filed in support of the motion is captioned as an enlargement of time to file answer. The text of the memorandum and the affidavits deal with the exceptional circumstances and due diligence

standard, which standard is applied when an agency has failed to respond to an FOIA request. This shifting grabbag approach of the Defendant, persistent throughout the litigation, often has made it difficult to ascertain the Defendant's arguments.

swer to November 2, 1984. The Court granted an extension to and including October 30, 1984 in which to file the *Answer.* On October 30, 1984 the Defendant did not file its Answer, instead filing its motion to dismiss and its second motion for an extension of time in which to Answer. As the Defendant has now had approximately three months with respect to a one month statutory deadline, the Court is of the opinion that a further extension is not warranted. The Defendant, therefore, should file its Answer within ten days from the filing of this Order.

The Defendant requests a six month extension of time in which to prepare the *Vaughn* index in order to re-review the processing of the Plaintiff's FOIA requests. Six months is longer than it originally took the agencies to process and deny the Plaintiff's FOIA requests. In addition, the filing by the Defendant of its various motions has already effectively given the Defendant three months in which to prepare the index. The Court is therefore, of the opinion that if it allows the Defendant one more month, that will constitute a total of four months, which is more than ample time in which to prepare the *Vaughn* index.

IT IS, THEREFORE, ORDERED that:

(1) The Defendant's motion to dismiss is DENIED;

(2) The Defendant's motion for a protective order is DENIED;

(3) The Plaintiff's motion for attorneys' fees is DENIED;

(4) The Plaintiff's motion to compel the preparation of a *Vaughn* index is GRANTED IN PART AND DENIED IN PART;

(5) The Defendant's motion for an extension of time is GRANTED IN PART AND DENIED IN PART:

(6) The Defendant is to prepare a *Vaughn* index as described in the Order filed simultaneously herewith, with respect to all of the Plaintiff's FOIA requests which are the subject matter of this litigation, except as to the FOIA requests to EOUSA which have yet to be determined;

(7) The Defendant is to prepare and serve the *Vaughn* index on or before January 14, 1985;

(8) EOUSA is to make a determination concerning the Plaintiff's FOIA requests that are the subject matter of this litigation on or before December 31, 1984;

(9) The parties are to inform the Court after EOUSA makes its determination regarding the Plaintiff's FOIA requests, what action, if any, are sought with respect to EOUSA's preparation of a *Vaughn* index;

(10) The Defendant is to file its Answer to the Plaintiff's Complaint within ten (10) days from the filing of this Order; and

(11) The Defendant is to serve its responses to the Plaintiff's interrogatories and request for production of documents within twenty (20) days from the filing of this Order.