**Sidney H. COHEN, Plaintiff,**

v.

**The FEDERAL BUREAU OF INVESTIGATION and Central Intelligence Agency, Defendants.**

**No. 93–6186–CIV–GONZALEZ.**

United States District Court, S.D. Florida.

Sept. 17, 1993.

John F. Lauro, Patricia J. Kelly, Zuckerman, Spaeder, Taylor & Evans, Tampa, FL, for plaintiff.

Samuel J. Flanagan, Asst. U.S. Atty., S.D. Florida, Fort Lauderdale, FL, for defendants.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendants' Motion to Stay and the plaintiff's Motion for a *Vaughn* Index. These motions have been fully briefed and are now ripe for ruling.

### *Introduction*

This action was brought by Sidney H. Cohen pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

He seeks access to records in the possession of the Federal Bureau of Investigation and the Central Intelligence Agency pertaining to the investigation (conducted from 1982–1984) of an apparent leak of agency information to Mitsubishi.

By letter dated August 14, 1992, to the Freedom of Information Staff at the FBI, the plaintiff requested all records pertaining to the FBI's investigation of this leak. In a form letter dated August 25, 1992, the FBI acknowledged receipt of the plaintiff's letter. The FBI's letter stated that the plaintiff's request had been received and that the FBI would begin a search to locate the requested records. On January 28, 1993, the plaintiff received a second form letter from the FBI stating that the processing of the plaintiff's request was delayed due to the large number of FOIA requests received by the FBI. On February 10, 1993 the FBI notified the plaintiff that it had located the records and that they consisted of approximately 1,400 pages. However, the plaintiff was advised by telephone that his request was delayed because of an alleged backlog of requests, and that the requested records would not be forthcoming as the FBI had yet to review the records.

By letter dated February 11, 1993, to the Freedom of Information Staff at the CIA, Plaintiff requested all CIA records pertaining to its investigation into the Mitsubishi matter. In a letter dated April 30, 1993, the CIA acknowledged receipt of the plaintiff's request and also acknowledged that its response was untimely. The CIA's letter stated that the "heavy volume" of FOIA requests has created delays in processing. The letter did not state when the plaintiff could expect to receive the requested records. In March of 1993, the plaintiff instituted this action.

### Defendants' Motion to Stay

The Freedom of Information Act requires any agency receiving a FOIA request to determine within ten days whether it will comply with that request, and to immediately notify the requestor of this determination. 5 U.S.C. § 552(a)(6)(A)(i). When, as in this case, an agency has not so responded to a FOIA request within the ten days set forth

in 5 U.S.C. § 552(a)(6)(A)(i), the requestor is deemed to have constructively exhausted administrative remedies and can seek judicial review. 5 U.S.C. § 552(a)(6)(C). However, § 552(a)(6)(C) provides that the Court may retain jurisdiction and allow the agency additional time to complete its review of the records "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." Pursuant to this section, the defendants have moved to stay this action until such time as the administrative processing of the plaintiff's FOIA requests has been completed. They believe that a maximum of one year will be required.

In support of their motion, the defendants have submitted the declarations of John H. Wright of the CIA and Linda L. Kloss of the FBI. Both of these declarations explain the time-consuming procedure by which requests are processed, and the enormous increase in FOIA requests during the past few years. They describe backlogs of requests totalling 10,653 for the FBI and 3,656 for the CIA. The Kloss declaration also states that a number of steps have been taken to streamline the FBI's FOIA procedures, and that they have relocated a number of FBI employees to FOIA positions. Finally, the declaration states that repeated requests for additional funding have been made to the Office of Management and Budget, and that these requests have been denied.

According to the defendants, the huge increase in FOIA requests in recent years, combined with stringent budget constraints, constitute "exceptional circumstances" which warrant the requested extension of time. In addition, the defendants argue that they are exercising due diligence in the processing of FOIA requests on a "first-come, first-served basis," and that a refusal by the Court of their request for extra time will place the plaintiff's requests ahead of other equally worthy requests.

In response, the plaintiff argues that long-standing backlogs of FOIA requests do not constitute "exceptional circumstances" which warrant a stay under § 552(a)(6)(C). He also asserts that the defendants have failed

to show that they are exercising "due diligence" in the processing of his requests. According to the plaintiff, the defendants are not exercising "due diligence," because they process requests on a "first-come, first-served basis," and do not consider the urgency of a request. The Court must now decide, therefore, whether the defendants have established the existence of "exceptional circumstances" and the exercise of "due diligence" within the meaning of § 552(a)(6)(C).

The first appellate decision interpreting these provisions was *Open America v. Watergate Special Prosecution Force,* 547 F.2d 605 (D.C.Cir.1976). In *Open America,* the plaintiffs sought disclosure of information by the Watergate Special Prosecution Force and the Federal Bureau of Investigation. Upon the defendants' motion for a stay of the district court's order compelling disclosure of the documents, the Court was required to interpret the time constraints imposed by FOIA. *Id.* at 608.

Based upon its review of the original Freedom of Information Act, the amendments of 1974, and their legislative history, the Court construed § 552(a)(6)(C) broadly to mean that "exceptional circumstances" exist when an agency is overwhelmed with information requests which far exceed that envisioned by Congress, when the existing resources are insufficient to respond to the requests within the statutory time period, and when the agency can demonstrate that it is exercising "due diligence" in processing the requests. *Id.* at 612. The Court also determined that the FBI had demonstrated "due diligence" by handling requests on a first-in, first-out basis, absent a showing of some exceptional need or urgency for the information which would justify putting the plaintiffs' request ahead of all other requests. *Id.*

In addition, the Court stated that a requestor should not be allowed to secure a place at the head of an agency's FOIA line simply by filing a lawsuit. According to the *Open America* Court,

If this were enough, even those with the dimmest of eyesight could look ahead a few months and see that the regulation of priorities in all agencies, not just the FBI, would very shortly become the function of the courts. If everyone could go to court when his request had not been processed within thirty days, and by filing a court action automatically go to the head of the line at the agency, we would soon have a listing based on priority in filing lawsuits, i.e., first into court, first out of the agency. This would be nothing but an inflation of a simple administrative request to a United States district court action, and like inflation in the monetary world would ultimately profit no one, since no one would be assigned a priority position any different than he would achieve if all applicants were left to the priorities fixed by the agency.

Although some courts have followed the holding of *Open America,* others have taken the approach advocated by Judge Leventhal in his concurring opinion. Concerned that the "exceptional circumstances" provision could eventually swallow the FOIA timing requirements, Judge Leventhal asserted that a narrower construction of § 552(a)(6)(C) was necessary. Following Judge Leventhal's lead, some courts have held that a great number of requests, insufficient funding, and inadequate staff do not constitute "exceptional circumstances." *See, e.g., Caifano v. Wampler,* 588 F.Supp. 1392 (N.D.Ill.1984); *Hamlin v. Kelley,* 433 F.Supp. 180 (N.D.Ill. 1977); *Ettlinger v. FBI,* 596 F.Supp. 867 (D.Mass.1984). However, even after making this determination, none of these courts ordered immediate responses to the FOIA requests. This was apparently because they recognized the practical implications of doing so.

One court actually noted that, although it found the Department of Justice and the FBI in violation of FOIA, it was unable to grant any relief. *Caifano v. Wampler,* 588 F.Supp. 1392 (N.D.Ill.1984). The *Caifano* Court agreed with the Court in *Open America* that "vaulting" the plaintiff's request over all others made by individuals who did not seek judicial relief would be inadequate. *Id.* at 1394. It also stated that ordering federal agencies to allocate more of their resources to the task of FOIA compliance would be inappropriate. Consequently, the Court decided that it could do nothing more than

order the defendants to "work diligently and expeditiously in a good faith manner" to respond to the plaintiff's requests. *Id.* at 1394–95.

Other courts have attempted to strike an equitable compromise by considering the needs of the plaintiff as well as the capabilities of the defendant agencies. For example, one court ordered the immediate release of 20 percent of the requested documents, with an additional 20 percent to be delivered every 30 days. *Hamlin v. Kelley,* 433 F.Supp. 180 (N.D.Ill.1977). Another directed the plaintiff to "prioritize" the requested documents, and ordered the defendants to release all "cleared" documents at 90–day intervals in accordance with the plaintiff's priorities. *Hinton v. Federal Bureau of Investigation,* 527 F.Supp. 223 (E.D.Penn.1981). Others granted the defendants limited time periods within which to respond to the plaintiffs' requests. *Ettlinger v. FBI,* 596 F.Supp. 867 (D.Mass.1984) (ordered production of documents within 60 days); *Ferguson v. F.B.I.,* 722 F.Supp. 1137 (S.D.N.Y.1989) (ordering completion of processing within 85 days).

■ This Court shares the concern of these other courts that the time requirements of FOIA may eventually be rendered meaningless. However, it cannot focus on theoretical goals alone, and completely ignore the reality that these agencies cannot possibly respond to the overwhelming number of requests received within the time constraints imposed by FOIA. The Court finds it difficult to believe that the Congress, had it predicted that there would be such a massive influx of FOIA requests, would have imposed such unrealistic requirements. Thus, this Court agrees with the Court in *Open America* that "exceptional circumstances" exist when an agency is overwhelmed with information requests which far exceed those envisioned by Congress, and when the existing resources are insufficient to respond to the requests within the statutory time period. Accordingly, the Court finds that "exceptional circumstances" exist within the meaning of § 552(a)(6)(C).

■ The Court must now determine whether the "due diligence" requirement of § 552(a)(6)(C) has been met. According to the declarations submitted by the defendants, they are processing FOIA requests, on a "first-come, first-served basis," as quickly as their resources will allow. As the Court stated in *Open America,* responding to requests on a "first-come, first-served basis," satisfies the "due diligence" requirement unless the plaintiff has some exceptional or urgent need for the information. Exceptional need has been found in cases involving individuals facing immediate deportation hearings, when information was needed for an upcoming criminal trial, and when the information was needed to aid a post-judgment attack of a conviction for which the requestor was serving time. *Ray v. United States Department of Justice I.N.S.,* 770 F.Supp. 1544 (S.D.Fla.1990); *Cleaver v. Kelley,* 427 F.Supp. 80 (D.D.C.1976); *Ferguson v. F.B.I.,* 722 F.Supp. 1137 (S.D.N.Y.1989).

■ Mr. Cohen argues that he has an exceptional and urgent need of the requested documents, because he is currently involved in a civil suit with Mitsubishi, and Mitsubishi "has set out to destroy Mr. Cohen and his family." He contends that the requested documents will expose Mitsubishi's influence over government officers, and that this will aid him in his fight against Mitsubishi. Although these records may be of some use to Mr. Cohen in his civil lawsuit, his needs do not qualify as "exceptional" or "urgent." Consequently, the Court finds that the defendants have satisfied the "due diligence" requirement of § 552(a)(6)(C).

Finally, the Court agrees with the *Open America* Court that little progress would result from allowing FOIA requestors to move to the head of the line by filing a lawsuit. This would do nothing to eliminate the FOIA backlog; it would merely add to the judiciary's backlog. Accordingly, having determined that a stay is warranted under § 552(a)(6)(C), the Court will grant the defendants' motion to stay.

### Plaintiff's Motion For a Vaughn Index

■ The plaintiff filed a motion requesting that the Court order the defendants to produce a *Vaughn* index within thirty days. When information has been requested pursu-

ant to FOIA, and the government withholds that information due to a finding that it is specifically exempt from disclosure, the government must provide the requestor with an index describing each record that has been withheld. *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973) *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). This index, commonly referred to as a *Vaughn* index, describes each record that has been withheld, and provides a detailed description of the agency's grounds for nondisclosure, correlating each record to one or more specific FOIA exemptions.

In response to the plaintiff's motion, the defendants correctly assert that the request for a *Vaughn* index is premature, because no documents have been withheld on the grounds that they are exempt from disclosure. None of the requested documents have been provided because the defendants have not finished processing the plaintiff's request. If, when the processing is complete, the defendants claim that certain records are exempt from disclosure, then a *Vaughn* index will be required. *See Ferguson v. F.B.I.,* 722 F.Supp. 1137 (S.D.N.Y. 1989); *Knight Publishing Co. v. United States,* 608 F.Supp. 747 (D.N.C.1984). The Court will therefore deny the plaintiff's motion for a *Vaughn* index.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** as follows:

(1) The defendants' Motion to Stay is hereby **GRANTED** in part. The above-styled action shall be stayed until May 30, 1993. At that time, the defendants shall report to the Court on the status of the plaintiff's FOIA requests.

(2) The plaintiff's Motion for a *Vaughn* Index is hereby **DENIED.**

**DONE AND ORDERED.**