Mark **DONHAM**, Kristi Hanson, Regional Association of Concerned Environmentalists, Plaintiffs,

v.

**UNITED STATES DEPARTMENT OF ENERGY, Defendant.**

**No. 01–CV–4049–JPG.**

United States District Court,
S.D. Illinois.

Feb. 5, 2002.

Edwin R. McCullough, Attorney at Law, Chicago, IL, Mark Donham, Brookport, IL, for plaintiffs.

William E. Coonan, Assistant U.S. Attorney, Fairview Heights, IL, for defendant.

## *ORDER*

GILBERT, District Judge.

On February 16, 2001, having exhausted applicable administrative remedies as a prerequisite to filing suit, Plaintiffs brought the instant action seeking disclosure of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (Doc. No. 1). Defendant, the United States Department of Energy, has requested a stay under 5 U.S.C. § 552(a)(6)(C)—a so-called "Open America" stay. (Doc. No. 7). Plaintiffs have responded to Defendant's motion for a stay and have made motions for summary judgment. (Doc. Nos. 19, 20, 21, 29, 30).[1]

## I. *FACTUAL BACKGROUND*

The essential facts of this case are not disputed.

On September 8, 1999, Plaintiffs mailed a FOIA request to the Department of Energy's FOIA office in Albuquerque, New Mexico. The request sought documents

---

**1.** Plaintiff Mark Donham has filed a *pro se* response to Defendant's motion for a stay. (Doc. Nos. 19, 20). He has combined that response with his motion for summary judgment. (Doc. Nos.19, 20). Plaintiffs RACE and Hanson have also responded to Defendant's motion for a stay (Doc. No. 21), but have filed their motion for summary judgment separately (Doc. Nos. 29, 30). All Plaintiffs are identically situated, and their briefs raise essentially the same legal issues. Therefore, this Court will simultaneously address Plaintiffs' rights, as well as their arguments.

related to "the packaging, shipment, receiving, recycling, and disposition of nuclear weapons from the Department of Energy's Pantex Plant to the Department of Energy's Paducah Plant."

On October 2, 1999, the Department of Energy acknowledged receipt of the request, indicated the request number as "OR–99–300" and further indicated that it processed requests on a first-in, first-out basis.

On September 27, 1999, Plaintiffs e-mailed a FOIA inquiry to the Department of Energy's FOIA office in Oak Ridge, Tennessee. The inquiry sought documents related to the Vortec Corporation (allegedly incinerating materials for the Department of Energy).

On September 28, 1999, the Department of Energy acknowledged receipt of the inquiry, indicated the request number as "OR–99–298," and further indicated that it processed requests on a first-in, first-out basis.

On July 20, 2000, before the Department of Energy could comply with the requests for documents, Plaintiff Donham submitted an administrative appeal. Donham alleged that the Department of Energy failed to abide by the FOIA time limit of twenty (20) working days.

On July 21, 2000, the Office of Hearings and Appeals in Washington, D.C., notified Plaintiff Donham of receipt of his appeal. On August 8, 2000, the Office of Hearings and Appeals dismissed Donham's appeal because it did not have a decision on a FOIA response or waiver of fees to review. The dismissal also advised Donham of his right to sue.

On February 16, 2001, Plaintiffs filed their complaint seeking the disclosure of the requested documents.

The Department of Energy has a first-in, first-out policy for addressing FOIA requests. *See Declaration of Rothrock, Department of Energy FOIA Officer* ¶ 26 (Doc. No. 7). The Department of Energy maintains that it currently has backlog of over 600 FOIA requests, that the instant requests are complex and that they are being handled in the same manner as other complex FOIA requests. *Id.* ¶¶ 27, 29, 32.

On April 25, 2001, the Department of Energy estimated that request number OR–99–298 would be completed in four to six months. *Id.* ¶ 30. On November 15, 2001, the Department of Energy provided a partial response to request OR–99–298 to Donham and represented that request OR–99–298 would be completed in late January or mid-February 2002.[2] *Defendant's Response to Motions for Summary Judgment,* p. 2, Exhibit 1, (Doc. No. 31).

On April 25, 2001, the Department of Energy estimated that request number OR–99–300 would take up to 18 months to reach the final declassification review. *Id.* ¶ 31. The Department of Energy maintains that this final review is also a "lengthy" process. *Id.* The Department of Energy has provided no firm estimate for the completion of request OR–99–300.

To date, as far as this Court knows, neither of Plaintiffs' FOIA requests has been completed.

**2.** This fact, alleged by Defendant, is the subject of a motion to strike (Doc. No. 32) by Plaintiffs RACE and Hanson. Plaintiffs argue that the statement should be stricken from the record because the actual documents responsive to the FOIA request were not attached to Defendant's brief. Because this Court will order Defendant to **complete** request OR–99–298 by no later than March 11, 2002, whether the request has been partially satisfied at this point is immaterial. Therefore, Plaintiffs' motion to strike (Doc. No. 32) will be denied as moot.

## II. *LEGAL BACKGROUND*

Under FOIA, agencies are required to determine whether to comply with FOIA requests within twenty days. 5 U.S.C. § 552(a)(6)(A)(i). Upon a decision to comply, the records shall be made promptly available to the person making the request. 5 U.S.C. ¶ 552(a)(6)(C)(i).

Under 5 U.S.C. § 552(a)(6)(C), courts may grant agencies additional time beyond the limits set forth in FOIA to respond to requests where "exceptional circumstances exist and . . . the agency is exercising due diligence in responding to the request. . . ." The case law dealing with § 552(a)(6)(C) is sparse, and the Seventh Circuit has not yet dealt with the subsection.

The District of Columbia Circuit Court of Appeals was the first circuit court to interpret § 552(a)(6)(C). In *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C.Cir.1976), the Court gave a broad interpretation to § 552(a)(6)(C). The Court held that "exceptional circumstances" may exist when an agency can show that it "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress [and] when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A)." *Open America*, 547 F.2d at 616.

The Court also ruled that FOIA's "due diligence" requirement may be satisfied by an agency's good faith processing of all requests on a "first-in/first-out" basis and that a requester's right to have his request processed out of turn requires a particularized showing of "exceptional need or urgency." *Id.* at 616.

The Court referred to § 552(a)(6)(C) as a "safety valve" for underfunded agencies, noting that Congress "appropriated no additional funds whatsoever for implementation of the 1974 FOIA amendments." *Id.*

at 612. The Court also noted that the "real parties at interest" might be "other persons or organizations who made requests prior" to the plaintiff. *Id.* at 614. The Court noted that the agency would have to divert resources from other requests to satisfy a court order in favor of the plaintiff. *Id.* at 614.

In 1996, Congress amended FOIA and tightened the standard for obtaining a stay by defining the term "exceptional circumstances" so as to exclude any "delay that results from a predictable agency workload of requests . . . unless the agency demonstrates reasonable progress in reducing its back log of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

In *Fiduccia v. U.S. Department of Justice*, 185 F.3d 1035 (9th Cir.1999), the Ninth Circuit held that the District Court's grant of an "Open America" stay was error. *Fiduccia*, 185 F.3d at 1041. The Court acknowledged the defendant agency's backlog of cases, "practical difficulties" and the agency's inadequate resources, but held that these problems did not constitute "exceptional circumstances." *Id.*

## III. *THE PARTIES' POSITIONS*

A. *Plaintiffs' Position.*

Plaintiffs' action was brought to compel an expedited response to their FOIA requests and does not allege that Defendant has flatly refused to release information. Plaintiffs rely on the plain language of § 552(a)(6)(A)(i) which requires agencies to determine whether to comply with FOIA requests within twenty days. 5 U.S.C. § 552(a)(6)(A)(i).

Plaintiffs argue that Defendant is not entitled to a stay under 5 U.S.C. § 552(a)(6)(C). Plaintiffs contend that a predictable backlog of cases does not constitute "exceptional circumstances" and

that Defendant's first-in, first-out policy does not, by itself, constitute "due diligence." For instance, Plaintiffs are critical of the number of Department of Energy employees allocated to processing FOIA requests.

Plaintiffs rely on the FOIA Amendments of 1996 and *Fiduccia v. U.S. Department of Justice,* 185 F.3d 1035 (9th Cir.1999) for support of their narrow reading of § 552(a)(6)(C). Plaintiffs conclude that Defendant's failure to comply with the twenty-day limit should not be excused and that this Court should enter summary judgment in favor of Plaintiffs and order Defendant to make a full and complete response within twenty days of the summary judgment.

### B. *Defendant's Position.*

Defendant relies on the broad interpretation of § 552(a)(6)(C) articulated in *Open America v. Watergate Special Prosecution Force,* 547 F.2d 605 (D.C.Cir.1976).

Defendant argues that, in this case, exceptional circumstances exist because "the Department of Energy is flooded with a great volume of requests for information vastly in excess of any mere retrieve and copy work," and because "existing resources are inadequate to deal with the volume of such requests...." *Defendant's Motion for a Stay,* p. 7 (Doc. No. 7). Defendant argues that it has acted with "due diligence" because the Department of Energy FOIA office processes requests on a first-in, first-out basis. *Id.*

Defendant proposes that this Court grant the Department of Energy an indefinite stay and schedule a status conference within one year.

### IV. *DISCUSSION*

In this case, more than two years have passed since Plaintiffs' FOIA requests, and neither of Plaintiffs' FOIA requests has been completed. Thus, there has clearly been a violation of FOIA's twenty-day clause. The first key issue is whether Defendant is entitled to a stay.

### A. *Defendant's Motion to Stay the Proceedings*

The material submitted by the Department of Energy makes clear that the Defendant is responding in a reasonable and diligent manner to incoming FOIA requests, taking into account the number of requests and Defendant's limited resources. The Department of Energy has a two-track system for responding to FOIA requests, with an express lane for simple requests and a separate track for complex requests. Within the two-tracks requests are handled on a first-in, first-out basis. Despite the agency's efforts, it is simply unable to comply with FOIA's twenty-day time limit. The reality is that Defendant has limited resources and limited personnel to deal with hundreds of voluminous FOIA requests.

In cases similar to this one, some Courts have followed the *Open America* analysis. As noted above, under *Open America,* a stay is appropriate upon a showing of "due diligence" and "exceptional circumstance." *Open America v. Watergate Special Prosecution Force,* 547 F.2d 605 (D.C.Cir.1976). Under *Open America,* the "due diligence" requirement may be satisfied by an agency's good faith processing of all requests on a "first-in/first-out" basis. *Id.* at 616. Under *Open America,* the "exceptional circumstances" provision is a safety valve for agencies facing an overwhelming number of FOIA requests, regardless of whether the backlog could have been predicted. *See, e.g., Rabin v. United States Department of State,* 980 F.Supp. 116 (E.D.N.Y. 1997) (applying the "exceptional circumstances" clause when the State Department was dealing with almost 2,000 pending requests on a first-in, first-out basis);

*Cohen v. Federal Bureau of Investigation,* 831 F.Supp. 850 (S.D.Fl.1993) (holding that a longstanding backlog of FOIA requests constituted an exceptional circumstance).

■ The Department of Energy urges this Court to adopt the *Open America* approach in this case. This Court agrees that Defendant's first-in, first-out two-track system of response constitutes due diligence. Plaintiffs criticize Defendant's personnel and budget allocation to its FOIA office. This Court, however, will not second guess the Department of Energy's allocation of limited resources or engage in a critique of the Department of Energy's budget and personnel decisions.

■ On the other hand, this Court does not accept Defendant's argument that a backlog of requests qualifies as "exceptional circumstances" under § 552(a)(6)(C). If a backlog of requests constitutes "exceptional circumstances," then the "exceptional circumstances" provision would render meaningless the twenty-day response requirement. As the District Court stated in *Caifano v. Wampler,* 588 F.Supp. 1392 (N.D.Ill.1984):

> So long as the agency could show that it had received more requests than it could handle, and that it was proceeding diligently—and we would be surprised if most agencies could not show this—then it would not be obliged to comply with the ten-day requirement. This interpretation would render the ten-day clause a non-entity.

*Caifano,* 588 F.Supp. at 1394.[3]

The *Open America* approach is inconsistent with the plan language of FOIA, especially in light of the 1996 Amendments. As the Ninth Circuit recently stated, "Congress wrote a tough statute on agency delay in FOIA compliance, and recently made it tougher." *Fiduccia v. U.S. Department of Justice,* 185 F.3d 1035, 1041 (9th Cir.1999). Congress gave agencies twenty days to respond to FOIA requests. The *Open America* approach simply does not adequately respect the rights delineated by FOIA.

■ In this case, Plaintiffs have already waited two years. Such delay is clearly inconsistent with the purpose of FOIA. FOIA is intended to ensure the prompt disclosure of information, not its suppression, *Department of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976), and FOIA's exemptions are to be narrowly construed. *Kuehnert v. FBI,* 620 F.2d 662, 665 (8th Cir.1980).

Defendant concedes that the 1996 FOIA Amendments tightened the standard for obtaining a stay of proceedings by defining exceptional circumstances to exclude delays resulting from "a predictable agency workload of requests . . . , unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." Defendant, however, does not allege facts to show that its current volume of requests was not predictable. Rather, Defendant relies on *Open America's* definition of "exceptional circumstances" and argues that it should be granted a stay just because the Department of Energy has a "great volume of requests" and "inadequate" resources. *Defendant's Motion for a Stay,* p. 7 (Doc. No. 7). Moreover, in this case, the Department of Energy admits that its backlog of requests is actually increasing.

---

**3.** The 1996 FOIA Amendments extended the ten-day time limit to twenty days. "The simplest explanation for this change is that most agencies failed to comply with the ten-day standard. The twenty-day standard is a move to bring the requirement into conformity with reality. Reality, however, is not that simple." Mark H. Grunewald, *E-FOIA and the "Mother of All Complaints:" Information Delivery and Delay Reaction,* 50 Admin.L.Rev. 345, 350–51 (1998).

*See Declaration of Rothrock, Department of Energy FOIA Officer* ¶ 26 (Doc. No. 7).

Therefore, this Court concludes that § 552(6)(C)'s "exceptional circumstances" provision does not apply in this case. The Department of Energy has violated the FOIA time limitation and done so without excuse. Therefore, Plaintiffs are entitled to summary judgment. This conclusion, however, does not end the discussion. It merely leads to the more difficult problem of fashioning a satisfactory remedy.

### B. *Remedy for the FOIA Violation*

Some Courts that have rejected the *Open America* approach have ordered defendant agencies to respond to the subject FOIA requests within a specified time. *See, e.g., Fiduccia v. United States Department of Justice,* 185 .F.3d 1035 (9th Cir.1999) (acknowledging a backlog of requests, denying a stay and remanding to the district court); *Hunter v. Christopher,* 923 F.Supp. 5 (D.D.C.1996) (acknowledging a backlog of requests, denying a stay and ordering completion of the plaintiff's requests within sixty days); *Hinton v. FBI,* 527 F.Supp. 223 (E.D.Pa.1981) (acknowledging the FBI's backlog of requests, denying a stay and ordering the release of documents at ninety-day intervals); *Hamlin v. Kelley,* 433 F.Supp. 180 (N.D.Ill.1977) (acknowledging a backlog of requests, denying a stay and ordering production of documents in monthly intervals).

The problem with this approach is that it "shoves the problem under the rug" and unfairly prejudices other individuals with FOIA requests pending before the defendant agency. *Caifano v. Wampler,* 588 F.Supp. 1392, 1394 (N.D.Ill.1984). In *Open America,* the Circuit Court stated:

We have no doubt that the Government officials would comply promptly with any order this court issued giving preferential, expedited treatment to the request of [the plaintiff]. They would, of course, given their finite human and financial resources, do so by taking personnel away from other prior requests which the [defendant agency] is now engaged in processing. We do not see, either on the face of the statute or on any sane analysis of the situation confronting [the defendant agency] and all other Government agencies in regard to Freedom of Information Act requests, why we should order such a reallocation of resources.

*Open America,* 547 F.2d at 614. This Court agrees that granting a preference to litigants over other FOIA requestors would result in an unfair and inefficient first to sue, first served system.

Setting an enforceable deadline, might be a reasonable middle ground approach— a compromise between ordering an immediate response and granting a stay of indefinite duration. However, this Court's review of the cases cited above reveals no rationale for the relatively short deadlines set in those cases. At least, in this case, this Court has little basis from which to determine an appropriate deadline, and this Court is reluctant to set one arbitrarily.

The District Court in *Caifano v. Wampler,* 588 F.Supp. 1392 (1984) took a different approach. In *Caifano,* the plaintiff had been waiting almost two years for a response to his FOIA request. The Court acknowledged that the defendant agency had a backlog of FOIA requests and inadequate resources to meet FOIA time-limits and that the defendant was diligently responding to requests on a first-in, first-out basis. *Caifano,* 588 F.Supp. at 1394. Nevertheless, the Court rejected the applicability of § 552(a)(6)(C)'s "exceptional circumstances" exemption and granted summary judgment in favor of the plaintiff. *Id.* The Court, however, also refused to order the defendant agency to respond

within a specific time period. *Id.* The Court declined to fashion any specific remedy to address the defendant agency's violation of FOIA, stating:

> In short, we find ourselves in a troubling position, and one that is unique in our experience: whether or not defendants have violated the [time-limit] response provision of the FOIA, there is nothing we can do at this time to give plaintiff relief, or to vindicate any right he may have. We can only direct that defendants continue to work diligently and expeditiously in a good faith manner to respond to plaintiff's requests.

*Id.* at 1394–95.

This Court finds itself in the same untenable position as the District Court in *Caifano.* Two options are presented by the parties. Plaintiffs request that this Court order that both of their pending requests be completed within twenty days. The practical effect of such an order would be that their requests would be given undue priority over other FOIA requests pending at the Department of Energy. On the other hand, Defendants request that this Court look the other way and allow the Department of Energy an indefinite amount of time to respond.

Like the District Court in *Caifano,* this Court finds neither option satisfactory. This Court, however, also finds the *Caifano* approach to be unsatisfactory. Adopting the *Caifano* approach gives Plaintiffs a hollow victory and leaves them in exactly the same position as they were in before bringing suit. While this Court is reluctant to set an arbitrary deadline for the completion of Plaintiffs' requests, this Court will not grant Defendant an indefinite amount of time to respond.

Over nine-months ago, Defendant estimated that it could complete request number OR–99–298 in four to six months. In November 2001, Defendant estimated that it could complete request number OR–99– 298 by late January or mid-February 2002. Accordingly, this Court will order Defendant to complete request OR–99–298 by no later than March 11, 2002. Since Defendant has already indicated that it expects to complete the request by mid-February, this deadline should pose no problem.

As to request OR–99–300, Defendants have failed to give any firm estimate of the time required to complete the request. This Court will order Defendant to provide this Court with a proposed schedule for the completion of request OR–99–300 and will allow Plaintiffs an opportunity to object. In the meantime, this Court encourages the parties to step-up their efforts to work out an agreement in regards to request OR–99–300. Certainly, the parties would be better able than this Court to fashion a schedule that takes into account both Plaintiffs' priorities and Defendant's practical difficulties. For example, an incremental release of documents based on Plaintiffs' priorities might be the most satisfactory resolution for all concerned. The Court would also entertain the entry of a consent decree, over which the Court could maintain jurisdiction for the purpose of enforcing its terms.

### C. *Motion to Strike*

Finally, the Court must address Plaintiffs' pending motion to strike (Doc. No. 33) a certain statement contained in Defendant's brief in response to Plaintiffs' summary judgment motions. Plaintiffs move to strike the following statement relating to the Department of Energy's budget for FOIA requests, "Senior management, not the FOIA Office, made the decision. The FOIA Office has no control over senior management or the sites' or programs' budget resources where the requested records are kept."

Whether the FOIA Office or "senior management" set the FOIA office's budget

 

is immaterial to the Court's disposition of this case. As discussed above, Defendant's first-in, first-out, two-track response system constitutes due diligence, and this Court will not become entangled in a critique of the Department of Energy's budgeting or personnel allocation. Therefore, the motion to strike will be denied; the subject of the motion is immaterial to the Court's decision.

## V. *CONCLUSION*

For the reasons stated above, this Court hereby:

- **DENIES** Defendant's motion for a stay of the proceedings (Doc. No. 7);

- **DENIES** Plaintiffs' motion to strike (Doc. No. 32) **as moot;**

- **DENIES** Plaintiffs' motion to strike (Doc. No. 33);

- **GRANTS** Plaintiffs' motions for summary judgment (Doc. Nos. 19, 29), and accordingly,

- **GRANTS** Plaintiffs' complaint for injunctive relief (Doc. No. 1), as follows:

  - Defendant, United States Department of Energy, shall complete Plaintiff Donham's Freedom of Information Act request OR–99–298 by no later than **March 11, 2002.**

  - Defendant, United States Department of Energy, shall file and serve a proposed schedule for the completion of request OR–99–300 by no later than **March 11, 2002,** along with appropriate affidavits and / or evidence in support of the proposed schedule.

  - Plaintiffs shall have **fifteen (15) days** from the date they are served with such proposed order to make any objections.

- **DIRECTS** the Clerk of the Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**