Timothy HUNTER, Plaintiff,

v.

Warren M. CHRISTOPHER, Secretary of State, Defendant.

Civil Action No. 95–368.

United States District Court, District of Columbia.

April 25, 1996.

---

1. The Court notes that, even if the prime rate were applicable here, the rate varies over time and is not fixed at 7¾%.

Timothy N. Hunter, Arlington, VA, Pro Se.

Diane Marie Sullivan, Darrell C. Valdez, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on Defendant's motions for partial summary judgment and to stay the proceedings. Plaintiff is pursuing this action *pro se* under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

The Court scheduled a hearing on this matter on April 16, 1996. At the request of the Plaintiff, the hearing was continued until April 19, 1996. Plaintiff failed to appear at the scheduled time and subsequently sent a fax to the Court Clerk explaining that he had overslept and had missed his Court date. The Court is in the midst of an extended criminal conspiracy trial and has limited time to hear motions. The Court has reviewed the pleadings and all of the relevant documents in this matter and will render a decision based upon the record before it.

## SUMMARY JUDGMENT STANDARDS

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mere allegations or denials of the adverse party's pleadings are not enough to prevent issuance of summary judgment. The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.Pro. 56(e).

The Supreme Court set forth the governing standards for issuance of summary judgment in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Celotex,* the Supreme Court recognized the vital need for summary judgment motions to the fair and efficient functioning of the justice system:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed.Rule Civ.Proc. 1. . . .

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Id.* at 327, 106 S.Ct. at 2555. (citation omitted).

The moving party is entitled to summary judgment where "the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex* at 323, 106 S.Ct. at 2552. Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. See Local Rule 108(h).

In resolving the summary judgment motion, all reasonable inferences that may be drawn from the facts placed before the Court

must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. *Harding v. Gray,* 9 F.3d 150, 154 (D.C.Cir.1993). The non-movant has met its burden of showing that a dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party". *Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C.Cir.1987) *(per curiam)* (citing *Anderson, supra*).

## FACTS

Plaintiff filed this action seeking certain documents regarding his employment with the Department of State. In response to various FOIA requests made by Plaintiff, the Department of State located 2,277 responsive documents. 2,057 were provided in full to the Plaintiff. Defendant provided an additional 106 documents to Plaintiff with some redactions, and withheld 28 documents in their entirety. An additional 60 documents were referred to other agencies for processing. The documents that have been withheld or redacted are the subject of the motion for partial summary judgment. The documents that have been referred to other agencies for processing are the subject of the motion to stay proceedings. The Court has reviewed the withheld and redacted records in unredacted form *in camera.*

### Adequacy of Search

■ It is well settled that an agency must make "a good faith effort to conduct a search for the requested records, using methods which can reasonably expected to produce the information requested" *Oglesby v. U.S. Department of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990). It is uncontested that the Defendant has conducted a reasonable search for documents that are responsive to the Plaintiff's requests. The Defendant has submitted an unrefuted declaration from Peter

Sheils, the Acting Information and Privacy Coordinator of the State Department and the Acting Director of the Department's Office of Freedom of information, Privacy, and Classification Review, describing the search in detail. (Shields Dec. ¶¶ 9–28). The sole issue before this Court is whether the Defendants may properly withhold information under certain exemptions in the FOIA.

### The Redacted and Withheld Documents

■ Defendant has provided to Plaintiff 106 documents with some redactions. An additional 28 documents were withheld in there entirety. The Defendant has provided these documents to the Court in unredacted form. The Court has reviewed the documents along with correspondence explaining the redactions. *See, Delaney, Migdall & Young v. I.R.S.,* 826 F.2d 124 (D.C.Cir.1987). As to the documents that have been withheld in their entirety, the Defendant has asserted various exemptions under the FOIA.[1]

The Court has reviewed each document and the reasons why the document was either withheld or partially redacted. The Court finds that the Defendant has properly invoked an applicable exemption under the FOIA as to each document in question. Accordingly, Defendant's motion for partial summary judgement will be granted.

### Documents Referred to Other Agencies

■ As to the 60 documents that have been referred to other agencies for processing the Defendant, citing *Open America v. Watergate Special Prosecution Force,* 547 F.2d 605 (D.C.Cir.1976) has requested a stay until February, 1998. The document is question have been referred to four different federal agencies as follows:

| | |
|---|---|
| FBI | 3 |
| Civil Rights Commission | 1 |
| U.S. Secret Service | 1 |
| U.S. Army | 55 |

Of these agencies, the Army and the secret service have indicated that they will complete the processing of the records within 60 days. (Sheils Dec. ¶ 29). Both the Civil Rights Commission and the FBI claim that they are

---

1. The Defendant has asserted Exemption 3, 5 U.S.C. § 552(b)(3); Exemption 5 (5 U.S.C. § 552(b)(5); Exemption 6, 5 U.S.C. § 552(b)(6); Exemption 7, 5 U.S.C. § 552(b)(7), (C), and (D).

unable to complete the processing of the 4 records in their files until February, 1998. The FBI submitted a detailed 20 page declaration which explained why it would not even assign Plaintiff's request for processing prior to June 1997. (Seward Dec. ¶¶ 33, 34).

The amount of time that the FBI and the Civil Rights Commission have requested cannot be justified. While both agencies have a backlog and a queue, the inability to process such a limited number of documents reveals an organizational structure that is so muscle bound as to be dysfunctional. The Court cannot continence a system which will take several years to process four records. The bureaucracy is presently under attack. This type of conduct is one of the reasons that the public has joined in the current favorite game of "Government Bashing". The private sector's supermarkets have recognized the efficiencies inherent in establishing express lines for a limited number of items. This is another area where the Bureaucracy can learn a lesson from the private sector. Accordingly, this Court will order the U.S. Secret Service, the Civil Rights Commission, the FBI and the U.S. Army to complete the processing of the remaining documents within 60 days from the date of the Order accompanying this Memorandum Opinion.[2]

All issues having been decided, the Court will dismiss Plaintiff's complaint. An appropriate Order follows this Opinion.

## ORDER

This matter comes before the Court on Defendant's motions for partial summary judgment and to stay the proceedings. For the reasons stated in the Court's Memorandum Opinion of this date it is hereby

**ORDERED** that Defendant's motion for partial summary judgment be **GRANTED.** It is further

**ORDERED that** Defendant's motion to stay the proceedings be **DENIED.** It is further

2. Since the Army and the Secret Service have indicated they will be able to process the 56 records under their control within 60 days, the Court's order should pose no problem to these agencies. The FBI and Civil Rights Commission should be able to process the four documents

**ORDERED** that within 60 days from the date of this Order, the U.S. Secret Service, the Civil Rights Commission, the FBI and the U.S. Army will complete the processing of all outstanding FOIA requests concerning the Plaintiff. It is further

**ORDERED** that Plaintiff's Complaint be **DISMISSED.**

This Court retains jurisdiction to issue such further Orders as may be necessary to effectuate this decision.

under their control within the 60 day period. It would be unthinkable for this court to have to keep this case open for two years to accommodate these two agencies inability to look at four documents.