**Robert L. WILLIAMS, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civil Action No. 95–1464 SS.**

United States District Court, District of Columbia.

July 11, 1996.

Robert L. Williams, Minersville, PA, pro se.

Sherri Lanette Evans, Darya Geetter, U.S. Attorney's Office, Washington, DC, for U.S., John R. Shaw Regional Counsel Bureau of Prison North Central, James P. O'Oneill, Bonnie L. Gray, Warden C. Wigens, F.C.I. Schyulkill.

Darya Geetter, U.S. Attorney's Office, Washington, DC, for John R. Shaw.

### *MEMORANDUM OPINION*

SPORKIN, District Judge.

This matter comes before the Court on Defendants' Bureau of Prisons, Executive Office for U.S. Attorneys, and U.S. Secret Service motions for dismissal/summary judgement and Defendant Federal Bureau of Investigation's motion for a stay of proceedings. Plaintiff filed this *pro se* complaint under the Freedom of Information Act (FOIA) pursuant to 5 U.S.C. § 552.

### FACTS

In December 1994, Plaintiff contacted the Bureau of Prisons (BOP), the Executive Office for U.S. Attorneys (EOUSA), and the

U.S. Secret Service (Secret Service) requesting the release of certain information. Defendants BOP, EOUSA, and the Secret Service responded by providing Mr. Williams with several hundred pages of responsive documents and forwarding pertinent documents to other agencies for review. In August 1995 Plaintiff filed suit claiming that all three agencies have failed to comply with his FOIA requests. Defendants have filed declarations describing how they processed Plaintiff's request, the documents that have been produced, and the exemptions they have relied on to withhold certain information. Defendants BOP, EOUSA and the Secret Service now move for dismissal/summary judgment. Certain documents forwarded to the Federal Bureau of Investigation from EOUSA and the Secret Service are the subject of the FBI's motion to stay proceedings until September 8, 1997.

### SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mere allegations or denials of the adverse party's pleadings are not enough to prevent issuance of summary judgment. The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.Pro. 56(e).

The Supreme Court set forth the governing standards for issuance of summary judgment in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Celotex*, the Supreme Court recognized the vital need for summary judgment motions to the fair and efficient functioning of the justice system:

> Summary judgment procedure is properly regarded not as a disfavored procedural

shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed. Rule Civ.Pro. 1 . . . .

*Id.* at 327, 106 S.Ct. at 2554. (citation omitted).

■ The moving party is entitled to summary judgment where "the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which she has the burden of proof." *Celotex* at 323, 106 S.Ct. at 2552–53. Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. See Local Rule 108(h).

■ Summary judgment is available to the defendant in an FOIA case when the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and inferences to be drawn from them are construed in the light most favorable to the FOIA requester. *Miller v. United States Department of State*, 779 F.2d 1378, 1382 (8th Cir.1985), *citing Weisberg v. U.S. Department of Justice*, 705 F.2d 1344, 1350 (D.C.Cir.1983).

### ANALYSIS AND DECISION

■ BOP, EOUSA, and the Secret Service have submitted sworn declarations detailing the type of search conducted, the information produced, and the applicable exemptions for materials that have been withheld or redacted. The Plaintiff has failed to reply to the various agencies' sworn declarations. The Court finds all factual assertions contained within those declarations to be true.[1]

#### Bureau of Prisons

BOP has filed declarations stating that a total of 31 pages responsive to Plaintiff's FOIA request were located at the Schuylkill Federal Correction Institution, in Miners-

---

1. On March 5, 1996, this Court issued an order pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C.Cir.1988), advising the Plaintiff of the consequences of his failure to respond to the Defendants' motions.

ville, PA (Bloodgood ¶ 3). BOP provided Plaintiff with all 31 pages and no information has been withheld (Bloodgood ¶ 3).[2] Plaintiff's request for medical records was forwarded by BOP to the U.S. Medical Center for Federal Prisoners. In February 1995 Plaintiff was provided the full 93 pages of medical records responsive to his FOIA request located in that facility (Roberts ¶¶ 6–8).

### Executive Office for U.S. Attorneys

Plaintiff's FOIA request was received by EOUSA in November 1994. According to sworn declarations submitted by EOUSA, 453 pages in full and 46 pages with deletions have been provided to Plaintiff (Boseker ¶ 14).[3] Approximately 455 pages were withheld in their entirety (Boseker ¶ 17). EOUSA's declaration cites six FOIA Exemptions to protect a wide range of requested information.[4] The Plaintiff has failed to reply to EOUSA's declaration and has not contested the validity of any Exemption claimed by EOUSA. Relying on Defendant's sworn declaration, this Court finds that EOUSA has conducted a full and complete search for relevant information, has fully provided Plaintiff with all the information to which he is entitled, and has properly withheld information where appropriate.

### U.S. Secret Service

Plaintiff's FOIA request was received by the Secret Service in February 1995. Documents which had originated within the FBI and EOUSA were forwarded to those agencies for review.[5] In October 1995, Plaintiff was provided with the documents located after an initial search and was advised that information had been withheld and redacted pursuant to various FOIA Exemptions.[6] In March 1996 the Secret Service provided Plaintiff with a supplemental release consisting of the responsive documents referred to EOUSA for consultation (Griffin ¶ 13). Later that same month, Plaintiff was furnished with a final release of all remaining documents responsive to his request (Griffin ¶ 16).

Plaintiff has not contested the validity of any Exemption claimed by the Secret Service. Relying on Defendant's sworn declaration, this Court finds that the Secret Service has conducted a reasonable search, has fully

---

**2.** In Defendant's reply, Health Information Technician Bloodgood indicates the release of 22 of the 31 responsive pages (Bloodgood ¶ 3). In its motion to dismiss, BOP shows that the remaining 9 pages were given to Plaintiff after his release (Exhibit A).

**3.** Documents concerning Mr. Williams which originated within the FBI, the BOP, and the Secret Service were referred to their respective agencies. The FBI, BOP, and Secret Service have filed separate responses.

**4.** Exemption (b)(2) excludes documents related to "matters that are ... related solely to the internal personnel rules and practices of an agency." 5 U.S.C. 552(b)(2).

Exemption (b)(3), excludes any information "specifically exempted from disclosure by statute." 5 U.S.C. 552(b)(3).

Exemption (b)(5) excludes "matters that are ... inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. 552(b)(5).

Exemption (b)(7)(C) exempts documents which are "matters that are ... records or information compiled for law enforcement purposes, but only to the extent that the production of such ... records or information ... could reasonably be expected to constitute an unwarranted invasion personal privacy." 5 U.S.C. 552(b)(7)(C).

Exemption (b)(7)(D) exempts documents which are "matters that are ... records or information compiled for law enforcement purposes, but only to the extent that the production of such ... records or information ... could reasonably be expected to disclose the identity of a confidential source...." 5 U.S.C. 552(b)(7)(D).

Exemption (b)(7)(F) exempts documents which are "matters that are ... records or information compiled for law enforcement purposes, but only to the extent that the production of such ... records or information ... could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. 552(b)(7)(F).

**5.** The FBI and Secret Service have filed separate responses in this matter.

**6.** Mr. Williams was given several hundred pages of material. Information was redacted or withheld pursuant to FOIA Exemptions (b)(2), (b)(3), (b)(7)(C), (b)(7)(D), and (b)(7)(E). (Griffin ¶ 25).

Exemption (b)(7)(E) excludes document which are "matters that are ... records or information compiled for law enforcement purposes, but only to the extent that the production of such ... records or information ... would disclose techniques and procedures for law enforcement investigation or prosecutions ... if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. 552(b)(7)(E).

provided Plaintiff with all the information to which he is entitled, and has properly withheld information where appropriate.

### Federal Bureau of Investigation

As to the documents that have been referred to the FBI for processing, the FBI cites *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C.Cir. 1976) in its motion to stay proceedings until September 1997. The documents in question consist of 30 pages of responsive material forwarded by EOUSA and 9 pages forwarded by the Secret Service (Kloss ¶¶ 2, 4).

 While the amount of time that the FBI has requested might seem difficult to justify, the Court recognizes that the FBI has a large backlog and a queue. Because of the small number of documents, the Court once again urges the FBI to set up an "express lane."[7] The FBI indicates that the documents will not even be assigned for review for almost a year, after which the FBI estimates it will need a five month review period. Requiring five months to review 39 pages is difficult to justify. Despite this, the Court recognizes the FBI's predicament and will give the FBI the time it requests to complete its work. Accordingly, this Court will order the FBI to complete the processing of the remaining documents and reply to Plaintiff by September 8, 1997.

### CONCLUSION

Defendants BOP, EOUSA, and the Secret Service have submitted unrefuted sworn declarations attesting to the thoroughness of their searches. These declarations further document the release to the Plaintiff of several hundred pages of responsive documents (Bloodgood ¶ 3, Roberts ¶¶ 6–8, Boseker ¶ 14, Griffin ¶ 24). Where information has been redacted or withheld, Defendants have provided a reasonable explanation under an appropriate FOIA exemption. Based upon the record before it, this Court will grant these Defendants' motions for summary judgment. Defendant FBI's need for additional time is

recognized and the FBI will be directed to complete its processing of Plaintiff's request according to the time table it requested. Having made all necessary decisions with regard to Plaintiff's FOIA suit, this Court will dismiss this case with the understanding that if the FBI does not comply with this Court's mandate the Plaintiff may renew his request for relief.

---

7. Such a processing technique would seem to be particularly appropriate where documents have been referred from other agencies. For the FBI to tie up other agencies by taking an inordinate period of time to review referred records could unnecessarily inhibit the smooth functioning of the agencies' well oiled FOIA processing systems. *See Hunter v. Christopher*, 923 F.Supp. 5 (D.D.C., Apr. 25, 1996).